No. 5056. MOORE *v.* ILLINOIS. Sup. Ct. Ill. Motion of American Civil Liberties Union, Illinois Division, et al., for leave to file a brief as *amici curiae* granted. Motion for leave to proceed *in forma pauperis* granted. Certiorari granted limited to Questions 1, 3, and 4 set forth in the petition which read as follows:

"1. Petitioner was sentenced to death for murder. Six items of exonerating evidence were not disclosed to him at trial. The court below affirmed on the ground that the prosecution's duty to disclose exonerating evidence depends upon a request; that the prosecutor had shown his entire file to defense counsel at trial and no further request for disclosure was made. None of the exonerating items was contained in said file. Trial defense counsel were ignorant of the existence of the suppressed information.

"Questions presented are:

"(a) Whether a request is an indispensable prerequisite to disclosure of exonerating evidence by the State?

"(b) Whether material evidence favorable to an accused should be disclosed by the State without a request where such evidence is not recorded?

"(c) Whether denial of due process of law is contingent upon a request where a State knowingly permits false testimony to remain uncorrected?

"(d) Where a prosecutor shows his entire file to defense counsel at trial, but none of the exonerating items of evidence are contained in said file, does that satisfy the prosecution's duty of disclosure?

"(e) Whether nondisclosure of the prosecuting police department is imputable to the prosecution?"

"3. The deceased was killed with a twelve-gauge shotgun. The Chicago Scientific Crime Detection Laboratory determined that he was killed with a twelve-gauge

shotgun. (A.139.) The prosecutor stated in a Bill of Particulars that the murder weapon was a twelve-gauge shotgun. (A.2.)

"Over objection (A.81–94), the prosecution introduced a sixteen-gauge shotgun into evidence. (A.94.) The sixteen-gauge shotgun did not belong to the petitioner, was not recovered from him, and was never in his possession or control. (A.58, 66–71.)

"During closing argument the prosecutor told the jury that the sixteen-gauge shotgun was not the weapon that killed the deceased, but that any man who was with another man who had the shotgun and shells for it was the type of person that deserved the death penalty. (A.191–201, 204–206.)

"The question presented is whether the introduction and use of such evidence, totally unconnected with the petitioner or the crime charged, denied the petitioner a fair trial?"

"4. Eight veniremen were removed for cause when they voiced general objections to capital punishment or stated that they had religious or conscientious scruples against the death penalty in a proper case.

"In the light of *Witherspoon* v. *Illinois,* 391 U. S. 510, may a state court of review affirm a death sentence,

"(a) on the ground that the tenor of *voir dire* examination was unlike that of *Witherspoon?*

"(b) on the ground that the prosecution had sufficient peremptory challenges to have eliminated those prospective jurors eligible to serve under *Witherspoon?*"