James Ray **COLSTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46658.

Court of Criminal Appeals of Texas.

July 2, 1974.

Claude R. Giles, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Joe Guyton, Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for the possession of a dangerous drug, to-wit: lysergic acid diethylamide, wherein the punishment was assessed at eight (8) years. The trial was before the court.

In three grounds of error appellant contends his warrantless arrest was illegal and that any search incident thereto was likewise invalid, and that the court erred in overruling his motion to suppress. We agree that the record before us does not show the fact that there was probable cause for the arrest.

McLennan County Deputy Sheriff Stovall received a Department of Public Safe-

ty teletype purportedly at 11:22 a.m. on August 21, 1971, which read:

> "Federal narcotics in San Antonio request that you bolo 1971 VW Van 71 TX GNP96 driven oy (sic) 2 wm subjs James Ray Colston and Tom Hutchinson both subjs heavly (sic) armed and believed to be in Waco area or nearing Waco area from El Paso subjs believed to be carrying narcotics no warrants are issued.

> "Agent Collier Federal Narcotics San Antonio

> DPS San Antonio GLC 21–1125 DPS SA GLC 22–1018"

Deputy Stovall did not know the appellant and had no personal knowledge concerning any crime that the appellant may have committed. He did run a license registration check on the vehicle mentioned in the teletype and found such a vehicle registered to J. R. Colston of 187 Mather, Waco.

Acting upon the teletype, Stovall went to west Waco to set up a surveillance in order to intercept the vehicle in question. Making no contact, Stovall left his location about 3:30 p.m. and proceeded about other business. Stovall went home to eat about 5 p.m., but shortly thereafter left home to go shopping. On his way to the store he spotted the vehicle in question bearing the license number "GNP 96" at the Peppermint Lounge east of Waco. He then radioed Lacy-Lakeview police officers from an incorporated area nearby and displayed to them the teletype dispatch and asked them to proceed to the lounge with him. The four Lacy-Lakeview officers arrived first and parked behind the van which the appellant was about to enter, the door to the van being open. Officer Trick of the Lacy-Lakeview police jumped from the car with a shotgun, told the appellant to freeze, and then ordered him to place his hands on the van. At this point the officers began to frisk and search appellant's person. During this time, Officer Trick

looked through the open door of the van and saw what appeared to be a police radio receiver and a derringer lying on the floor-board partly under the front seat. After seizing the derringer, Trick searched the vehicle and found the five thousand tablets of "LSD" in a picnic cooler. These were turned over to Deputy Stovall, who arrived on the scene after the other officers. Trick testified that he did not know the appellant and had no personal knowledge of any crime being committed when he arrived on the scene and told the appellant to freeze. He related he relied exclusively upon the teletype which he was shown.

Article 15.22, Vernon's Ann.C.C.P., provides that:

"A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant."

Clearly appellant was under restraint when at gunpoint he was told to freeze and to place his hands on the van. There was no warrant, so it must be determined if there were probable cause for the warrantless arrest.

Only Officers Trick and Stovall testified, and it is clear that they had not acquired probable cause on their own, but were acting upon the strength of the teletype dispatch. They, of course, had the right to act upon the basis of the teletype dispatch and were entitled to assume the officer requesting the arrest had sufficient probable cause to justify the arrest, Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); Weeks v. State, 417 S.W.2d 716, 718 (Tex.Cr.App.1967), cert. denied, 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494 (1967); Brown v. State, 443 S.W.2d 261 (Tex.Cr.App.1969); Muggley v. State, 473 S.W.2d 470, 472 (Tex.Cr.App.1971). "Where, however, the contrary turns out to be true, an otherwise illegal arrest can-

not be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest." Whiteley v. Warden, Wyoming State Penitentiary, supra.

■ The test as to probable cause in such cases where the officers act solely upon a request for arrest is the information known to the officer who requests another officer to effect the arrest. Piper v. State, 484 S.W.2d 776 (Tex.Cr.App.1972); Branch v. State, 447 S.W.2d 932 (Tex.Cr. App.1969), cert. denied, 403 U.S. 952, 91 S.Ct. 2287, 29 L.Ed.2d 864 (1971); Miller v. State, 442 S.W.2d 340 (Tex.Cr.App. 1969); Texas Digest, Vol. 5, Arrest, ■ 4(11).

In the instant case the State made no attempt to call Agent Collier, nor was he identified in any way other than the description in the teletype. The source of his information is not revealed, and if from an informer, there is no showing as to reliability of such informer or as to the credibility of the information. See and cf. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

■ The standards applicable to the factual basis of the officer's probable cause assessment at the time of the challenged arrest and search are at least as stringent as the standards applied with respect to a magistrate's assessment of probable cause. See Whiteley v. Warden, supra, 91 S.Ct. at 1036; McCray v. Illinois, 386 U.S. 300, 304–305, 87 S.Ct. 1056, 1058–1059, 18 L.Ed.2d 62 (1967); Brown v. State, 481 S.W.2d 106, 109 (Tex.Cr.App. 1972).

Other than the teletype dispatch, the only other information Deputy Stovall had learned was that the vehicle license tags had been issued to a J. R. Colston. This information was not in any sense corroborative of the fact that appellant had committed a crime or was in process of committing any crime.

Since the validity of the arrest is dependent upon the probable cause possessed by an unidentified "Agent Collier," who was not called to testify, this record does not reflect probable cause for the warrantless arrest, and the items seized cannot be justified as a result of a search incident thereto.

And certainly it is well established that probable cause for a warrantless arrest cannot be bolstered by the results or fruits of a subsequent search. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L. Ed.2d 134 (1959); Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed.2d 520 (1927); Gaston v. State, 440 S.W.2d 297 (Tex.Cr.App.1969) (Concurring Opinion, footnote #4, p. 302).

While the State does not so urge in its brief, it might well be argued that the officers relied upon "probable cause to investigate." See Jones v. State, 493 S.W.2d 933 (Tex.Cr.App.1973); Brown v. State, 481 S.W.2d 106 (Tex.Cr.App.1972). Cf. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L. Ed.2d 889 (1968).

The officers involved did not rely upon any unusual conduct on the part of the appellant observed by them to conclude that criminal activity may be afoot and that the appellant may be armed and dangerous for their "probable cause" to investigate, but relied solely upon the teletype. They had a right to rely thereon and assume the officer causing the same to be issued had "probable cause" for an investigative stop, but where the record fails to reflect that the issuing officer had such "probable cause," the investigative stop is not insulated from challenge. Whiteley v. Warden, Wyoming State Penitentiary, supra.

The State might very well have proven probable cause, but it did not prove probable cause either for the warrantless arrest or investigative stop so as to justify the initial intrusion involved.

For the reasons stated, the judgment is reversed and the cause is remanded.

DOUGLAS, Judge (dissenting).

The United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), upheld a seizure of a weapon upon less cause than is shown in the present case.

The officers in the instant case were informed by teletype from a narcotics officer that James R. Colston and Tom Hutchinson were heavily armed and had more reason to investigate than the officer in Terry v. Ohio, supra.

In Terry, Officer McFadden of the Cleveland Police Department testified that while he was on patrol in the afternoon his attention was drawn to two men, Chilton and Terry, standing on the corner of Huron Road and Euclid Avenue. He had never seen the two men before, and he was unable to say precisely what first drew his eye to them. He testified that he had observed the two men walk past a store on Huron Road, pause and look into the window, then walk back by the store again and return to the corner where they would confer. The two men made several trips. At one point while they were standing together on the corner, a third man approached them and engaged them briefly in a conversation. Chilton and Terry resumed their measured pacing, peering and conferring for approximately 10 to 12 additional minutes before taking off in the direction the third man, Katz, had taken. Just down the street in front of another store, Officer McFadden saw Chilton and Terry talking to Katz. He approached the three men, identified himself as a police officer and asked for their names. He stated that at this point his knowledge was confined to what he had observed, that he was not acquainted with any of these men by name or by sight, and that he had received no information concerning them from any other source. When the men were unresponsive to his questions, he immediately conducted

a pat down of the three men beginning with Terry. He found a pistol on both Terry and Chilton and then had all three men taken to the police station where Terry and Chilton were formally charged with carrying concealed weapons.

The Supreme Court noted that Officer McFadden's actions constituted a "seizure" within the meaning of the Fourth Amendment. Specifically, that Court said, "It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Terry v. Ohio, supra, at page 16, 88 S.Ct. at page 1877.

In the present case the officers had a teletype which was received through normal police channels. It contained the names of two armed individuals as well as a complete description of the van, including the license number. The teletype also stated that the suspects were believed to be in the Waco area.

Article 483, Vernon's Ann.P.C., prohibits the carrying of arms. Article 487, V.A.P.C. (in the same chapter), provides:

"Any person violating any article of this chapter may be arrested without warrant by any peace officer and carried before the nearest justice of the peace. Any peace officer who shall fail or refuse to arrest such person on his own knowledge, or upon information from some reliable person, shall be fined not exceeding five hundred dollars."

When the officers spotted the van they had probable cause for an investigatory arrest. Upon the investigation, they saw the derringer lying on the floor partly under the front seat through the open door of the van. When the officers spotted the pistol in the van a further search of the van was authorized. Walthall v. State, Tex.Cr. App., 488 S.W.2d 453, citing with approval Breckenridge v. State, Tex.Cr.App., 460 S. W.2d 907. See Taylor v. State, Tex.Cr. App., 420 S.W.2d 601.

The subsequent search of the vehicle thus being authorized, appellant's arrest following the discovery of the 5,000 "LSD" tablets in the picnic cooler was proper. The search in this case was not unreasonable.

The judgment should be affirmed.