James Cleveland **FULLBRIGHT**,
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–81–061–CR.

Court of Appeals of Texas,
Texarkana.

April 20, 1982.
Rehearing Denied May 18, 1982.

Jeffrey G. Malm, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus, Asst. Dist. Atty., Houston, for appellee.

BLEIL, Justice.

James Fullbright appeals his conviction for forgery by possession with intent to pass an altered check. Punishment, enhanced by reason of two prior felony convictions, is confinement for life. The key to our decision is whether there was a factual basis to give the police officers probable cause to make a warrantless arrest and search of Fullbright. We determine that the facts and circumstances within the officers' knowledge were insufficient to give them probable cause for the arrest; we therefore reverse the judgment of conviction.

While on routine patrol during the early evening of June 17, 1978, Officers J. H. Moore and B. W. Musick went to the Act II Motel to look for stolen automobiles. When they drove into the motel parking lot five men were standing close to each other. As the officers approached the men walked away. One man went into the motel. Two walked over and got into a white automobile. Two others, including James Fullbright, walked over and got into a 1978 orange Thunderbird automobile. Fullbright sat on the passenger side of the front seat. Upon checking the officers were informed that the automobile was listed on the daily "hot sheet" as being stolen. When it started to leave the officers, based on this information alone, stopped the automobile. The men were immediately arrested; Officer Musick arrested and searched the driver while Officer Moore arrested and searched Fullbright. The search of Fullbright and his wallet, coupled with a later search of the vehicle, revealed checks, identification cards, and other documents which led to the conviction for forgery.

Although we follow certain guidelines in the area of probable cause, application of the rules frequently remains a nebulous matter. Therefore, we attempt to narrow the issue before us.

A police officer may briefly stop an individual under suspicious circumstances in order to determine identity or to maintain status quo while obtaining more information. *Shaffer v. State*, 562 S.W.2d 853 (Tex.Cr.App.1978). And, circumstances short of probable cause for an arrest may justify a temporary investigative detention because investigation is a lesser intrusion on personal security than is an arrest. *Leighton v. State*, 544 S.W.2d 394 (Tex.Cr.App. 1976). Probable cause to stop and detain occupants of an automobile has been held to exist under circumstances, like those now before us, when officers learn by radio that the automobile is stolen. *Sanne v. State*, 609 S.W.2d 762 (Tex.Cr.App.1980). But the officers here immediately arrested the driver and Fullbright thus we are not concerned with an instance of momentary detention.

Nor is the real issue before us one concerning the extent or scope of permissible search incident to arrest. A warrantless search incident to lawful arrest is permitted of the person and of objects in an area within control of the person. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Snyder v. State*, 629 S.W.2d 930 (Tex.Cr.App.1982); *Stewart v. State*, 611 S.W.2d 434 (Tex.Cr.App.1981). The problem in the case before us arises before the search began.

Our decision turns upon one question: Did the police officers have probable cause under the circumstances to arrest James Fullbright? If so, then the search of Fullbright was lawful. If not, the search was unlawful and the items seized should have been excluded from evidence.

The Supreme Court has repeatedly explained that probable cause to justify an arrest means facts and circumstances within an officer's knowledge that are sufficient to warrant a prudent person, or one of

reasonable caution, to believe in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. *Michigan v. DeFillippo,* 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). And, Article 14.04, Tex.Code Crim.Pro.Ann. (Vernon 1977), provides statutory authority for a peace officer to pursue and arrest an accused, when proof is shown to the officer by the representation of a credible person, that a felony has been committed, and that the offender is about to escape so that there is no time to obtain a warrant. In order to justify a warrantless arrest or search the burden is upon the State to prove the existence of probable cause at the time the arrest or search was made and the existence of circumstances which made the procuring of a warrant impracticable. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Washington v. State,* 518 S.W.2d 240 (Tex.Cr.App.1975); *Brown v. State,* 481 S.W.2d 106 (Tex.Cr.App.1972).

We have detailed all of the facts and circumstances shown to be within the knowledge of Officers Moore and Musick. They knew that Fullbright was one of five men standing together when they drove into the parking lot, that he and another walked over to an automobile and he got in on the passenger's side, and that the automobile was reported to be on a list of stolen vehicles. Certain things are not a part of the facts and circumstances within the officers' knowledge. There is no attempt to flee by the accused, no failure to identify or respond to questions, no other furtive conduct, and no showing of reliability of the broadcaster of the information concerning the "hot sheet".

The State did not meet its burden of showing the existence of probable cause at the time of the arrest and search of Fullbright. The officers had no probable cause on their own, but were acting upon the strength of a radio broadcast that the automobile in which Fullbright rode as a passenger was on a "hot sheet" containing a list of stolen vehicles. Police radio broadcasts, based on probable cause, reporting a felony and a description of the suspect satisfy the requirements for a warrantless arrest under Article 14.04, Tex.Code Crim. Pro.Ann. (Vernon 1977). *Law v. State,* 574 S.W.2d 82 (Tex.Cr.App.1978); *Guzman v. State,* 521 S.W.2d 267 (Tex.Cr.App.1975). The test for probable cause in such cases focuses on the information known to the person who made the broadcast. *Washington v. State,* supra; *Colston v. State,* 511 S.W.2d 10 (Tex.Cr.App.1974).

In this case there was simply no showing of the reliability of the information on the "hot sheet" or of the information transmitted to the officers on patrol. We do not address the question of whether the facts and circumstances of this case are sufficient to warrant a prudent person, or one of reasonable caution, to believe that Fullbright had committed, was committing, or was about to commit an offense, even had the information within the officers' knowledge at the time of the arrest been shown to be reliable. There is no showing of probable cause to arrest pursuant to the standards set by the Supreme Court. *Michigan v. DeFillippo,* supra. Since the arrest was improper the evidence resulting from the ensuing search of Fullbright is inadmissible and should have been excluded. *Wong Sun v. U. S.,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

We reverse the judgment and remand the cause.