**Jerry Lynn MOORMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0038–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 27, 1982.

Jan Morrow, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before EVANS, C.J., and DOYLE and STILLEY, JJ.

## OPINION

DOYLE, Justice.

Appellant was convicted for possession of methamphetamine and the court assessed punishment at five years.

Appellant challenges the sufficiency of the evidence to sustain the conviction.

In the early morning hours of October 19, 1979, the record reveals that appellant was stopped by Frank Quinn, a Houston police officer, while driving a motor vehicle. Edna Pipes and Robert McAlister were present in the vehicle with appellant. Officer Quinn testified that he stopped appellant for two reasons: 1) the appellant and the vehicle he was driving matched the general description of a vehicle and a suspect involved in a robbery the previous week; and 2) the vehicle had an out-of-state license plate. Officer Quinn further testified that he had received the following information concerning the robbery: The vehicle used was a two-door, brownish

cream Mustang. The suspect was a white male in his early twenties, 5'7" to 5'8", medium build, shoulder length sandy hair, and a full beard. The robbery weapon was described as an automatic. The officer also testified that he received this information from a general police bulletin readout during the night. The record does not reveal the name of the officer who dispatched this information nor the source from which this information was gathered.

The officer testified that what first brought the vehicle to his attention was that the vehicle matched the description in the radio broadcast. Further, he stated that after pulling up beside the vehicle, he was able to see that the appellant met the general description of the robber. The record does not reveal appellant's physical description. After making these observations, and noting the out-of-state plates, the officer stopped appellant to question him.

Appellant was unable to produce an operator's license upon the officer's request. Robert McAlister, one of the passengers, said the vehicle belonged to him. He was not able to produce identification. The officer then decided to check for outstanding warrants and to conduct a pat-down search of these suspects for his own safety. He found no weapons on appellant. He found a full ammunition clip on McAlister. After finding this clip, he arrested these two suspects and ordered them to lean on the trunk of the car, and placed a gun to appellant's head and ordered the other passenger out of the car. As she was getting out, she dropped a glass container, which was later discovered to contain narcotics. During a search of the car, the officer found a 9mm pistol in her purse. After finding this weapon, he placed the other passenger under arrest and performed a full search of all three. In searching appellant, he found in appellant's wallet a small baggie with some white powder in it. The officer testified that this wallet was in appellant's back pocket. Appellant denies this fact, contending that his wallet was in the car. The substance found in appellant's wallet was later identified as methamphetamine. Appellant's motion to suppress was overruled.

Further evidence showed that the vehicle was searched before being towed, and drug paraphernalia was found under the seats.

Appellant was subsequently convicted for possession of a controlled substance, to-wit: methamphetamine. His appeal lists three grounds of error.

Under appellant's first two grounds of error, he contends that the trial court erred in overruling his motion to suppress illegally seized evidence, since the initial stop of the vehicle was not justified. Appellant contends that the initial stop was not justified by probable cause or reasonable suspicion that a crime had been or was being committed. Appellant submits that the officer was not justified by any civil statute to stop his vehicle to check the out-of-state license plates. The State asserts that since appellant and the vehicle that he was driving matched the description of a suspect and the vehicle used in a reported robbery, these facts gave the officer a right to make a brief investigation for purposes of questioning.

The United States Supreme Court has held that it is a fundamental right secured by the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures and to have excluded from criminal trials evidence obtained in violation of one's Fourth Amendment rights. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

The facts in the instant case established that appellant was searched after he was arrested. Therefore, if this search is to stand, it must be justified as a search incident to a lawful arrest. Otherwise, the evidence seized from this search would not be admissible. If there were no valid justification for the initial stop of the car, the arrest would be illegal and the search incident thereto would be invalid. *Armstrong v. State,* 550 S.W.2d 25 (Tex.Cr.App.1977).

The pivotal issue in this case is whether the facts and circumstances recited by Officer Quinn were sufficient to justify his initial stop of appellant's vehicle.

So far as we can determine, there is no law authorizing an officer to stop a vehicle solely because it has out-of-state license plates. Therefore, the stop must be justified, if at all, by the police broadcast.

In *Colston v. State,* 511 S.W.2d 10 (Tex. Cr.App.1974), a case similar to the case at bar, the issue in our case was addressed. The facts in that case revealed that a deputy acted solely on a detailed teletype message by an identified narcotics agent which read:

"Federal narcotics in San Antonio request that you bolo 1971 VW Van 71 TX GNP 96 driven oy (sic) 2 wm subjs James Ray Colston and Tom Hutchinson both subjs heavily (sic) armed and believed to be in Waco area or nearing Waco area from El Paso subjs believed to be carrying narcotics no warrants are issued.

"Agent Collier Federal Narcotics San Antonio

DPS San Antonio GLC 21–1125 DPS SA GLC 22–1018"

Such a message resulted in appellant's arrest and a search incident to it. This deputy spotted the subject vehicle bearing the same license number as the vehicle described in the teletype message at a lounge east of Waco. He also ascertained that the vehicle license plates were issued to Colston. He radioed police officers from a nearby area and showed them the teletype message and requested that they accompany him to the lounge. The police officers arrived first and parked behind the subject vehicle as its door was being opened. Appellant was about to enter the vehicle when an officer jumped from the car with a shotgun and ordered appellant to freeze. Appellant was then searched. After looking in the vehicle and observing a gun, the van was searched by the officer. Five thousand tablets of LSD were recovered from a cooler in the van and were turned over to the deputy who arrived after the search. Both the deputy and the arresting officer testified that they had not acquired probable cause on their own, but were acting exclusively upon the strength of the teletype message.

The court in *Colston* stated that the test as to probable cause when an officer acts solely on a request for arrest is the information known to the officer who requests another officer to make an arrest.

The court, in holding that the search was invalid, stated:

"The officers involved did not rely upon any unusual conduct on the part of the appellant observed by them to conclude that criminal activity may be afoot and that the appellant may be armed and dangerous for their 'probable cause' to investigate, but relied solely upon the teletype. They had a right to rely thereon and assume the officer causing the same to be issued had 'probable cause' for an investigative stop, but where the record fails to reflect that the issuing officer had such 'probable cause,' the investigative stop is not insulated from challenge. *Whiteley v. Warden, Wyoming State Penitentiary,* [401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971)].

"The State might very well have proven probable cause, but it did not prove probable cause either for the warrantless arrest or investigative stop so as to justify the initial intrusion involved."

The court also found that:

In the instant case the State made no attempt to call Agent Collier, nor was he identified in any way other than the description in the teletype. The source of his information is not revealed, and if from an informer, there is no showing as to reliability of such informer or as to the credibility of the information. *See* and cf. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

The information relied on by Officer Quinn in the case before us is factually much weaker than the information provided by the narcotics agent's teletype message in *Colston, supra.* Further, the identity of the sender of the radio broadcast is not known, and thus the trustworthiness of his information could not be established.

Although our courts have held that an officer does not have to show probable cause to justify an investigative stop, the officer must have specific articulable facts, which, in light of his experience and general knowledge, together with inferences from those facts, would warrant an officer's intrusion upon an individual's freedom for a brief investigatory stop. *Armstrong, supra.*

In our case, the bulletin relied on by the arresting officer was not introduced into evidence, and the original source of the radio broadcast concerning the robbery was not revealed. Nor does the record reflect exactly when or where the robbery occurred. Had the State shown the contents and reliable source of the bulletin, the investigative stop would have been justified, even if the report had given the officer less than probable cause to arrest the appellant. However, because the bulletin and its source were not produced, the intrusion could not be justified by the officer's view of the out-of-state-license plates. Nor could the discovery of drugs and drug paraphernalia justify an otherwise illegal stop. The arresting officer was entitled to rely on an official police bulletin to make his initial stop, but because the information in the bulletin was not shown to have been reliable, the stop and subsequent search and arrest cannot be insulated from challenge. See *Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). Appellant's motion to suppress should have been granted, and his first two grounds of error are sustained.

The judgment of the trial court is reversed, and the cause is remanded.