Kenneth Allen BROOKS, Appellant,

v.

STATE of Texas, Appellee.

No. 01–85–0249–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 27, 1986.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., William J. Delmore, III and Elaine Bratton, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

A jury found appellant guilty of aggravated robbery and assessed punishment at five years confinement and a $2,000 fine.

On the morning of June 7, 1984, Richard On, an employee at a liquor store located next door to Dry Clean, U.S.A., observed appellant near the cleaning establishment. On became suspicious and went to check on Tommie Ramirez, an employee of Dry Clean, U.S.A. As On was entering the cleaners, appellant was exiting. Ramirez told On that she had just been robbed. On ran after appellant to the end of the shopping strip, where he observed one car only, a mid-seventies white on blue Cordoba, leaving the premises at a fast rate of speed. On, observing only one person in the car, did not see appellant get into the car. On also did not obtain the license number.

On and Ramirez immediately contacted the constable's office and provided a description of appellant, his clothing, and the vehicle. Ramirez described appellant as having a mustache, as weighing between 175 and 185 pounds, and as being between 5'6" and 5'9" tall. Ramirez testified that he was wearing blue jeans, a black or dark blue baseball cap with silver above the visor, and a tan or beige button-down, long-sleeved shirt. Under the shirt he wore a T-shirt with blue or black around the collar. Ramirez also identified the gun as a small caliber snubnose hand revolver that had a brown handle and dark blue barrel. On described appellant as having a mustache, and as wearing a black cap with a design, and a white sweater, or T-shirt, with a blue stripe. On provided the constables with the description of the car.

Deputies Black and Gregory were within a mile of the cleaning establishment when they received a dispatch regarding the robbery. The dispatch identified the vehicle as a white over blue Cordoba, containing two white males, traveling east from the location of the robbery. A physical description of one occupant only was given.

Approximately four minutes later, the officers observed appellant and co-defendant Campbell in a white over blue Cordoba, traveling east away from the scene. After following the vehicle for a quarter of a mile, the deputies stopped the vehicle.

Campbell was driving and did not have a driver's license. Appellant was seated in the passenger's seat. The deputies observed a black baseball cap and the butt of a revolver lying between appellant's legs underneath the front seat on the floorboard. Both men were arrested for possession of a firearm. Ninety dollars was found on appellant, and a box of .32 caliber ammunition was also recovered. At the time of the arrest, appellant was wearing a blue and white striped T-shirt. A long-sleeved, button-down shirt was found in a trash can behind the shopping center at a car wash.

Following the arrest, the officers transported the men and the vehicle back to the robbery scene. On identified the vehicle, and both Ramirez and On positively identified appellant as the robber, though Ramirez failed to identify appellant until after he put on the cap. Ramirez also later identified the shirt found in the trash can.

Prior to trial, a hearing was conducted on appellant's motion to suppress in which appellant sought to suppress the evidence seized from the vehicle, including the cap, gun, and the $90.00 found in his pocket. The court overruled this motion.

Trial was to a jury, which found both defendants guilty of aggravated robbery. Appellant was sentenced to five years confinement and a $2,000 fine; Campbell, who was sentenced to six years confinement, probated, and a fine of $2,000, is not a party to this appeal.

In his first ground of error, appellant contends that the trial court erred in failing to suppress the evidence obtained when the deputies arrested appellant because the deputies did not have probable cause to stop the vehicle.

■ Tex.Code Crim.P.Ann. art. 14.04 (Vernon 1985) provides:

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace

officer may, without warrant, pursue and arrest the accused.

What must be "shown by satisfactory proof" is the legal equivalent of constitutional probable cause. *Earley v. State*, 635 S.W.2d 528 (Tex.Crim.App.1982); *Yates v. State*, 677 S.W.2d 215 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

■ Probable cause to arrest or search exists when the facts and circumstances within the knowledge of the arresting officer, and of which he has reasonably trustworthy information, are sufficient to warrant a reasonable and prudent man in believing that a particular person has committed or is committing a crime. *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Hawkins v. State*, 660 S.W.2d 65, 70 (Tex.Crim.App.1983); *Yates v. State*, 677 S.W.2d at 218. Police broadcasts that are based upon probable cause and that report a felony and a description of the perpetrator satisfy the requirements for a warrantless arrest pursuant to article 14.-04. *Law v. State*, 574 S.W.2d 82, 84 (Tex. Crim.App.1978). The test of probable cause is what information is known to the officer who requests that another officer effect an arrest. *Id.* The officer may consider information that is furnished by a private citizen, worthy of belief, whose information is reliable and whose only contact with the police or criminal activity resulted from having witnessed the criminal act. *Yates v. State*, 677 S.W.2d at 218.

Appellant argues that the instant case is similar to *Glass v. State*, 681 S.W.2d 599 (Tex.Crim.App.1984) in which the court held that the arresting officer lacked probable cause to arrest the appellant, although the officer had received a police dispatch that identified the suspects' vehicles by color as well as the site of the alleged criminal activity. The court opined that because the dispatcher's broadcast was based upon an anonymous phone call, it, like an anonymous letter, "standing alone, will never provide sufficient facts that would authorize a warrantless arrest or search, which is, per se, unreasonable." *Id.*, 681 S.W.2d at 601.

■ In the instant case, the information known to the officer requesting the arrest was sufficient probable cause to stop and arrest appellant and Campbell. The information came from named, not anonymous, persons. It was based upon reliable information provided by two "eyeball" witnesses who were the victim of and witness to the criminal act. Additionally, the witnesses provided information that the suspect was escaping, which information is indispensable under article 14.04. *See Yates v. State*, 677 S.W.2d at 218.

While there is some discrepancy between the witnesses' allegations of a single suspect and the dispatcher's broadcast of two suspects, such discrepancy does not invalidate the lawful arrest pursuant to article 14.04. The officers knew a robbery had occurred; they had a description of at least one suspect; they knew the flight path and the color of the vehicle. This information along with the fact that they observed appellant and Campbell in a car matching the vehicle's description, traveling east away from the robbery scene within four minutes of the broadcast and within a mile of the scene was sufficient probable cause to stop and arrest appellant for suspicion of robbery. *See Piper v. State*, 484 S.W.2d 776 (Tex.Crim.App.1972). Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in overruling his objections to the jury charge. Appellant alleges that there is a dispute of fact regarding probable cause to effect appellant's arrest; therefore, he was entitled to a jury instruction to disregard all evidence seized as a result of the search of the vehicle, unless they found the search was based upon probable cause, pursuant to Tex.Code Crim.P.Ann. art. 38.23. (Vernon 1985).

In support of his contention, appellant relies upon *Stone v. State*, 703 S.W.2d 652 (Tex.Crim.App.1986) (not yet reported). In *Stone*, appellant was convicted of driving a vehicle while intoxicated. At trial, the arresting officer testified that he stopped appellant because he observed her driving in

a hazardous manner; appellant testified to the contrary. The trial court denied appellant's requested charge pursuant to Tex. Code Crim.P.Ann. art. 38.23. The Court of Criminal Appeals upheld the court of appeals' reversal, holding that because the evidence supporting the officer's stop of the vehicle was controverted, the trial court should have instructed the jury on the issue of the officer's stopping the vehicle.

 *Stone* is distinguishable from the present case because the facts leading to Stone's arrest were disputed. The facts in the present case, pertaining to the robbery and arrest, with the exception of the position of the gun, are undisputed. In ground of error one, we determined that the officers had probable cause to stop and arrest the appellant for suspicion of robbery. Thus, the issue of location of the gun in the car and whether the officers could see it is immaterial.

Article 38.23 states:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Pursuant to article 38.23, appellant was entitled to his requested charge only if the evidence presented raised an issue of fact as to probable cause. *Marrs v. State*, 647 S.W.2d 286 (Tex.Crim.App.1983); *Merriweather v. State*, 501 S.W.2d 887, 891 (Tex. Crim.App.1973). However, where the essential facts concerning a search or an arrest are not in dispute, the legality of the search or arrest is a question of law, not fact. *Campbell v. State*, 492 S.W.2d 956, 958 (Tex.Crim.App.1973).

The trial court did not err in denying appellant's requested charge. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.