Kent RANCE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–89–00876–CR.

Court of Appeals of Texas,
Houston (14th Dist.)

April 12, 1990.

**338**

Kurt Gumberger, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was indicted for possession of a controlled substance, namely cocaine, weighing less than 28 grams by aggregate weight. TEX.HEALTH & SAFETY CODE ANN. § 481.115(b). The appellant filed a motion to suppress the evidence, contending that the cocaine was the product of a search pursuant to an illegal arrest. After a pre-trial hearing, at which the arresting officer and a codefendant testified, the trial court denied the motion. The State had originally alleged two prior offenses as enhancements but dropped these allegations after the hearing. The appellant then waived trial by jury, entered a guilty plea, and confessed that the allegations contained in the indictment were true. The court found the appellant guilty as charged and, as recommended by the State, assessed punishment at fifteen years imprisonment. We affirm.

Appellant's arrest arises out of a police narcotics operation in southeast Houston. A undercover Houston Police officer purchased cocaine from two black men who came up to his car. This purchase was observed by a second officer who relayed his observation to a group of six other officers (the "raid team") waiting in a van some distance away. The officer who observed the purchase described two black males who were standing in front of a particular apartment building as the sellers of the cocaine. The six officers of the "raid team" then drove to the apartment building and saw the appellant and another man fitting the descriptions. A member of the team told the appellant he was under arrest "for selling narcotics". The appellant responded that he purchased but did not sell "dope". The officer then conducted a pat-down search of the appellant and discovered a "sharp shooter"[1] with a small amount of cocaine in it. It was later discovered that the appellant was not one of the men who had sold cocaine to the first officer.

In his sole point of error, the appellant contends that the trial court abused its discretion in denying his pre-trial suppression motion. The appellant argues that the arresting officer lacked probable cause to arrest him and a search incident to an illegal arrest is invalid. The appellant relies upon the officer's characterization of his initial contact with the appellant as an arrest and measures probable cause as of that moment. The standard of review governing a trial court's ruling on a motion to suppress is whether the court clearly abused its discretion. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App.1985). The trial judge is the sole finder of fact at a hearing on a motion to suppress evidence obtained in a search, and the judge may choose to believe or disbelieve any or all of a witness' testimony. *Taylor v. State*, 604 S.W.2d 175 (Tex.Crim.App.1980). The State erroneously argues that the stop of the appellant was pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The controlling issue concerning the denial of the motion to suppress is whether probable cause existed for appellant's arrest.

A police officer may arrest an individual without a warrant only if (a) there is probable cause with respect to that individual, and (b) the arrest falls within one of the exceptions specified in TEX.CODE CRIM. PROC.ANN. art. 14.01–14.04. *Lunde v.*

---

1. A street term for a glass vial with a filter used to smoke crack cocaine.

*State,* 736 S.W.2d 665, 666 (Tex.Crim.App. 1987). The test for determining the existence of probable cause for a warrantless arrest has been stated as follows:

> Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested person) had committed or was committing an offense.

*Adkins v. State,* 764 S.W.2d 782 (Tex.Crim. App.1988), *see also Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Britton v. State,* 578 S.W.2d 685 (Tex. Crim.App.1979), *cert. denied,* 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979).

Thus, "the duty of the reviewing court is to look to the 'totality of the circumstances' to determine if there exists a substantial basis for concluding that probable cause existed at the time of the questioned action." *Angulo v. State,* 727 S.W.2d 276, 278 (Tex.Crim.App.1987), citing *inter alia, Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

At the suppression hearing, the arresting officer testified as to the events leading to appellant's arrest. After the undercover officer had purchased cocaine from two individuals, a second officer (the "spotting officer") radioed their descriptions and location to the arresting officer. At the time in question, the two drug sellers were thin black men 15 and 17 years old and approximately five feet six inches tall. One was wearing white pants and had no shirt, and the other wore blue jeans and a white tee shirt. The appellant is also a young black man with a similar appearance to the other suspects and was wearing a blue shirt and black pants.

■ The officer acted upon more than a mere hunch. The conduct and presence of the appellant at the location as well as the surrounding events reasonably tied him to criminal activity. The officer had reasonably trustworthy information sufficient to cause a prudent man to believe that the appellant had committed the offense. The arresting officer need not have had personal knowledge of all the facts to have probable cause so long as the sources upon which he relied were credible or reliable. *Evans v. State,* 530 S.W.2d 932 (Tex.Crim. App.1975). Where several officers are involved, the sum of the information known to the cooperating officers is to be considered in determining probable cause. *Garrison v. State,* 726 S.W.2d 134 (Tex. Crim.App.1987). Probable cause existed here since the police officers had a specific location under surveillance and the description of the two men and the location where they were standing were given to fellow officers. The time which elapsed from the relay of the information by the spotting officer to the arrival of the raid van was only "a matter of seconds". The van was parked behind the apartment complex. The appellant met the general description of the suspects and was at the location designated. Given all the facts presented, the requirements of TEX.CODE CRIM.PROC. ANN. art. 14.03(a)(1) were satisfied.

> Any peace officer may arrest, without warrant: ... persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, ...

■ Suspicious places and circumstances were clearly indicated. "[F]ew, if any places are suspicious in and of themselves. Rather, additional facts available to an officer plus reasonable inferences from those facts in relation to a particular place may arouse justifiable suspicion." *Johnson v. State,* 722 S.W.2d 417 (Tex.Crim.App.1986). Where persons fitting the general description of drug suspects are at the location only seconds after the radio transmission to fellow officers, the location becomes suspicious and the police must use appropriate caution as they make a further investigation. *See Rysiejko v. State,* 782 S.W.2d 529 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd).

The United States Supreme Court has frequently questioned whether excluding evidence can have any deterrent effect when the offending officer acted in an objectively reasonable belief that his conduct did not violate the Fourth Amendment.

*See United States·v. Janis,* 428 U.S. 433, 452, 96 S.Ct. 3021, 3031, 49 L.Ed.2d 1046 (1976); and *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The Court has stated its position as follows:

> The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which had deprived the defendant of some right. By refusing to admit the evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused. *Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force.*

*Michigan v. Tucker,* 417 U.S. 433, 447, 94 S.Ct. 2357, 2365, 41 L.Ed.2d 182 (1974) (emphasis added); and *United States v. Peltier,* 422 U.S. 531, 539, 95 S.Ct. 2313, 2318, 45 L.Ed.2d 374 (1975).

> [where the officer's conduct is objectively reasonable], "excluding the evidence will not further the ends of the exclusionary rule in any appreciable way; for it is painfully apparent that ... the officer is acting as a reasonable officer would and should act in similar circumstances. Excluding the evidence can in no way affect his future conduct unless it is to make him less willing to do his duty."

*Stone v. Powell,* 428 U.S. 465, 539–540, 96 S.Ct. 3037, 3073–3074, 49 L.Ed.2d 1067 (1976) (WHITE,. J., dissenting); *United States v. Leon,* 468 U.S. 897, 918–921, 104 S.Ct. 3405, 3418–3419, 82 L.Ed.2d 677 (1984). See also *Hill v. California,* 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971).

■ *Leon* sets forth a good faith exception to the exclusionary rule only in cases where a warrant is present, but its intent as to overt police misconduct is clear. The exclusion of evidence should not be used to deter objectively reasonable law enforcement activity. *See Leon, supra,* 468 U.S. at 918–919, 104 S.Ct. at 3418. Although the Fifth Circuit Court of Appeals has held that it will look at *any* mistaken search or arrest to determine whether it was taken in

the reasonable, good-faith belief of being proper, *United States v. Williams,* 622 F.2d 830, 846 (5th Cir. *en banc* 1980), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981), the present facts do not warrant the expansion of the good-faith exception to warrantless arrests. Here, the officers acted upon probable cause and in the reasonable belief that the appellant was the man who had sold cocaine to the undercover officer. There is no overt police misconduct that could be remedied by exclusion of the evidence found on the appellant. The trial court did not abuse its discretion in denying appellant's motion to suppress. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I record my respectful dissent. I would sustain appellant's sole point of error and hold that the trial court abused its discretion in denying his motion to suppress the cocaine in the pipe found on appellant.

At the hearing on the motion to suppress, Houston Police Officer Jerry Robinette testified that on May 25, 1989, he participated in an undercover police operation that resulted in the arrest of appellant for possession of cocaine. The undercover team consisted of one undercover officer, Officer Nichols, who purchased cocaine from two suspects; a spotting officer, Officer Beasley, who broadcasted the description of the suspects to the raid van; and Officer Robinette and other unnamed officers who were in the raid van.

On May 25, 1989, Nichols purchased cocaine from two individuals, Bell and Chenenvert, in the 7200 block of Scott Street. Beasley radioed their descriptions and location to Robinette who was located nearby. Within a matter of seconds Robinette spotted appellant standing at the other end of the block, some 25 to 50 yards away from Bell and Chenenvert, the suspects who participated in the sale of drugs, and Nichols, the officer who purchased the drugs. Ap-

pellant was then placed under arrest for selling narcotics. While conducting a search of appellant, incident to appellant's arrest, Robinette found a pipe containing cocaine residue located in appellant's sock.

At the time in question, suspect Bell was 15 years old, five feet six inches tall and was wearing white pants with no shirt. Suspect Chenenvert was 17 years old, five feet six inches tall, and was wearing blue jeans and a white tee shirt. Appellant, however, did not appear to be 15–17 years old, was wearing a blue shirt and black pants and did not fit the description of suspects Bell or Chenenvert.

Appellant was never located near the suspects Bell and Chenenvert. Prior to his arrest, appellant had no contact with Nichols and was not involved in the sale of cocaine to Nichols. Robinette nor anyone else observed appellant commit any crime prior to his arrest. Robinette further testified he had never observed appellant prior to the moment of his arrest. Robinette relied exclusively on the information radioed to him by Beasley.

Robinette testified that he could not recall the descriptions that were radioed to him of the suspects to be arrested except that they were black males.

Nichols nor Beasley testified at the hearing. It is well settled that evidence obtained as a result of an illegal arrest or search is not admissible.

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. CONST. amend. IV.

The basic purpose of the Fourth Amendment is to safeguard the privacy and security of citizens against arbitrary invasion by government officials. *Brown v. State*, 481 S.W.2d 106, 109 (Tex.Crim.App.1972).

Robinette arrested and searched appellant without a warrant. Appellant was under arrest at the time he was searched. In order for a warrantless search to be justi-

fied, the State must show that probable cause existed to arrest or search appellant. *Fry v. State*, 493 S.W.2d 758 (Tex.Crim. App.1972); *Brown v. State*, 481 S.W.2d at 108.

TEX.CODE CRIM.P.ANN. art. 14.01 (Vernon 1977) provides,

a) A peace officer or any other person, may, without a warrant, arrest *an offender* when *the offense* is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace. (Emphasis added).

b) A peace officer may arrest *an offender* without a warrant for any *offense* committed with his presence or within his view. (Emphasis added).

At the time of appellant's arrest, none of the officers involved saw appellant commit an offense. Robinette testified that he had never seen appellant prior to his arrest and did not see appellant commit an offense. He also testified that Nichols claimed appellant had not been involved in the sale of drugs.

As Beasley and Nichols did not testify at the hearing, the record does not reflect that either of them saw appellant commit an offense or that either officer had probable cause to arrest appellant. There was no evidence introduced to indicate that appellant committed any offense in the presence or view of any officer nor was there evidence introduced that there was probable cause to believe that appellant committed an offense. Therefore, the State may not rely on art. 14.01 to justify the warrantless arrest and search of appellant.

TEX.CODE CRIM.PROC.ANN. art. 14.04 (Vernon 1977) provides,

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

"Satisfactory proof" under the statute has been held to be the equivalent of proba-

ble cause. *Salazar v. State*, 688 S.W.2d 660 (Tex.App.—Amarillo 1985, no writ); *See Earley v. State*, 635 S.W.2d 528 (Tex. Crim.App.1982).

Nichols purchased cocaine from suspects Bell and Chenenvert. Appellant was not involved in this transaction and Nichols had no probable cause to arrest nor search him based on the drug sale. The State introduced no evidence that Nichols had probable cause to arrest or search appellant for any reason.

Robinette testified that he had not seen appellant commit any offense and he had never seen appellant prior to his arrest; therefore Robinnette had no probable cause, based on his personal knowledge, to arrest or search appellant.

In order to justify the warrantless arrest and search of appellant, the State must show the officer who requested the arrest be made had sufficient probable cause to arrest and search appellant. *Brooks v. State*, 707 S.W.2d 703 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

Beasley was the officer who requested, by radio, that suspects Bell and Chenenvert be arrested. Robinette, acting solely upon Beasley's request, arrested and then searched appellant, thereby finding the contraband in appellant's possession. The State offered no evidence that Beasley had probable cause to arrest or search appellant as Officer Beasley did not testify at the hearing. Since the validity of the arrest is dependent upon the probable cause possessed by Beasley, who was not called to testify, the record does not reflect the probable cause for the warrantless arrest and the evidence seized cannot be justified as a result of a search incident thereto. *Colston v. State*, 511 S.W.2d 10 (Tex.Crim. App.1974). While it is possible that Beasley possessed probable cause to arrest the individuals who sold contraband to Nichols, the State offered no *evidence* that Beasley had probable cause to arrest anyone, least of all appellant, who was not involved in the drug sale. Thus it has not been shown that Robinette had probable cause to arrest Bell, Chenenvert or appellant. Therefore, the State may not rely on art. 14.04 to

justify the warrantless arrest and search of appellant.

The State could maintain the arrest of appellant was valid because the arresting officer mistakenly thought appellant was either suspect Bell or suspect Chenenvert. This argument is without merit.

Robinette had no personal knowledge of facts on which to base probable cause to arrest and search appellant. Any probable cause possessed by Robinette would be based on the probable cause possessed by Beasley. *Brooks v. State*, 707 S.W.2d 703; *Colston v. State*, 511 S.W.2d 10. Since the State offered no evidence that Beasley possessed probable cause to arrest Bell and Chenenvert, there was no evidence that Robinette possessed probable cause to arrest them. Since Robinette did not possess probable cause to arrest Bell and Chenenvert, the suspects he intended to arrest, it cannot be argued that he possessed probable cause to arrest appellant, who he mistakenly thought to be Bell or Chenenvert. A mistake, even a reasonable one, cannot validate a warrantless arrest that is invalid for other reasons. *Colston v. State*, 511 S.W.2d 10, 12.

The State attempts to argue that Robinette had a reasonable suspicion or probable cause to conduct an investigatory stop and detention during which a frisk would have revealed the contraband in appellant's possession as authorized by *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This argument also is without merit.

Robinette did not rely upon any unusual conduct on the part of appellant to conclude that criminal activity might be afoot. He had never observed appellant prior to searching him. Robinette might have relied on probable cause to stop and investigate possessed by Beasley, the officer who radioed for the arrests. However, Beasley did not testify and the record fails to reflect that Beasley had probable cause for an investigation of anyone, and certainly not of appellant. The State therefore has failed to show that the arresting officer had probable cause to conduct an investigatory stop and frisk of appellant. *Colston*

*v. State*, 511 S.W.2d 10, 13. A search cannot be justified by what it uncovers. *Brown v. State*, 481 S.W.2d 106. Probable cause for a warrantless arrest cannot be bolstered by the results or fruits of a subsequent search. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

I would hold that the trial court abused its discretion in denying appellant's motion to suppress the cocaine found in the pipe found on appellant.