

# IN THE
# TENTH COURT OF APPEALS

—————————

## No. 10-09-00343-CR

—————————

**RANDLE WAYNE PORTIS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

—————————

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2008-749-C2**

—————————

## MEMORANDUM  OPINION

—————————

After his motion to suppress was denied, Appellant Randle Wayne Portis pleaded guilty to possession of more than four but less than 200 grams of cocaine and was assessed a 25-year prison sentence.  Portis appeals, asserting in one issue that the trial court erred in denying the motion.

We apply the familiar bifurcated standard of review for a trial court's suppression ruling.  *Davis v. State,* 74 S.W.3d 90, 94-95 (Tex. App.—Waco 2002, no pet.).  In the suppression hearing, Waco police officer Chester Long testified that he was on

patrol and checking license plate numbers on his patrol car's computer for stolen vehicles. Long ran the plate number on the car Portis was driving, and the computer check indicated that the registration had expired several months earlier. Long stopped Portis, who immediately advised Long that the registration was current and showed him a receipt with the current sticker. Portis had just renewed it, and Long said that the computer had not updated the renewal.

During the stop, Long smelled marijuana odor coming from the car and asked Portis if there was anything in it. Portis told Long that he did not have probable cause to search the car. Long took Portis's driver's license for his partner to run on the computer, and he had Portis get out of the car. Long then learned from his partner that Portis's driver's license had been suspended for failure to take drug education classes. Long then searched the car and found cocaine and marijuana.

Portis's sole issue asserts that, because the information relied on to make the stop was incorrect, there was no basis for the stop and that no good-faith exception to the Texas exclusionary rule (article 38.23) is applicable. Assuming without deciding that Portis raised this argument in the trial court (which the State contends did not occur), we disagree with his contention.

Portis's argument is that Long could rely on his computer's information only to the extent it was accurate, and because it was inaccurate, the initial detention was unlawful. He cites as support *Colston v. State*, 511 S.W.2d 10 (Tex. Crim. App. 1974), but that case is highly distinguishable because it involved the lack of probable cause to make a warrantless arrest, while this case involves the validity of the initial traffic stop.

Article 38.23(a) provides for the exclusion of evidence obtained in violation of the Constitution or laws of Texas or the United States. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). It operates to suppress evidence seized in violation of the Fourth Amendment. *Garcia v. State,* 829 S.W.2d 796, 798 (Tex. Crim. App. 1992) (plurality op.). The distinct issue is whether a violation of the Fourth Amendment has occurred. *Daugherty v. State,* 931 S.W.2d 268, 272 (Tex. Crim. App. 1996).

> A law enforcement officer may lawfully stop a motorist who commits a traffic violation. *Garcia v. State,* 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In general, the decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred. *Walter v. State,* 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Wolf v. State,* 137 S.W.3d 797, 801 (Tex. App.—Waco 2004, no pet.); *see also Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996).
> …
>
> Because a routine traffic stop is more analogous to an investigative detention than a custodial arrest, such stops are analyzed as *Terry* stops. *Berkemer v. McCarty,* 468 U.S. 420, 439, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 318 (1984); *Brigham,* 382 F.3d at 506. An investigative detention—either as a part of, or apart from, a traffic stop—is also a seizure for Fourth Amendment purposes. *See Francis,* 922 S.W.2d at 178; *Powell v. State,* 5 S.W.3d 369, 375 (Tex. App.—Texarkana 1999, pet. ref'd). Therefore, a traffic stop and any concomitant investigative detention must be reasonable under the United States and Texas Constitutions. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. The Fourth Amendment protects against only *unreasonable* searches and seizures. *Terry,* 392 U.S. at 20, 88 S.Ct. at 1879; *Walter,* 28 S.W.3d at 540 (citing *Minnesota v. Carter,* 525 U.S. 83, 88, 119 S.Ct. 469, 473, 142 L.Ed.2d 373 (1998)).

*Haas v. State,* 172 S.W.3d 42, 49-50 (Tex. App.—Waco 2005, pet. ref'd).

> An investigatory detention or an arrest is not invalid merely because an officer relies upon reasonably trustworthy information that later proves to be erroneous. *Dancy v. State,* 728 S.W.2d 772, 783 (Tex. Crim. App. 1987); *Brown v. State,* 986 S.W.2d 50, 51 (Tex. App.—Dallas 1999, no pet.) (concluding that although there was no evidence that the

vehicle was actually stolen, the officers had probable cause for the warrantless arrest based on the stolen vehicle information on the "hot sheet," thus the contraband found as a result was admissible); *Kelly v. State,* 721 S.W.2d 586, 587 (Tex. App.—Houston [1st Dist.] 1986, no writ) (finding that stop of defendant because officer believed the vehicle was stolen provided the officer with reasonable suspicion to detain defendant regardless of whether the information was shown to be inaccurate or false).

*Mount v. State,* 217 S.W.3d 716, 728 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

We agree with the State's argument that because it is reasonable for an officer to rely in good faith on information provided by his mobile computer, there is no violation of the law that requires suppression under article 38.23. *See, e.g., Duronslett v. State,* No. 14-96-00562, 1997 WL 576373, at *2 (Tex. App.—Houston [14th Dist.] Sept. 18, 1997, no pet.) (not designated for publication) (stating that trial court could have found officer acted reasonably in traffic stop for expired plates, according to computer check, regardless of whether such information later proved to be correct); *see also Mount,* 271 S.W.3d at 728-30. The trial court implicitly found that the officer acted reasonably and did not err in denying the motion to suppress.

We overrule Portis's sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed October 26, 2011
Do not publish
[CR25]