Kent RANCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 496–90.

Court of Criminal Appeals of Texas, En Banc.

June 19, 1991.

Rehearing Denied Sept. 18, 1991.

---

Kurt Gumberger, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Winston E. Cocharn, Jr. and Brigitte Peters, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of possession of less than twenty-eight grams of cocaine, and was sentenced to fifteen years confinement. The Court of Appeals affirmed his conviction. *Rance v. State*, 789 S.W.2d 337 (Tex.App.—Houston [14th] 1990). We granted appellant's petition to determine whether the Court of Appeals erred in holding that there was sufficient probable cause to stop, arrest or search appellant.

Appellant was arrested during a "city-wide crackdown" of cocaine dealers. A search pursuant to that arrest disclosed a vial containing a small amount of cocaine residue. Appellant filed a motion to suppress this evidence, complaining that the search was unlawful because no probable cause existed to arrest him. A hearing was conducted on this motion, after which the trial court overruled the motion. Appellant pleaded guilty to the offense with punishment assessed pursuant to a plea agreement.

At the suppression hearing Sergeant Robinette testified that he was one of several officers in a van parked behind an apartment complex while an undercover officer, Nichols, purchased cocaine from a car in the street in front of the complex, about two blocks away. Another officer, Beasley, observed the purchase being made and radioed a description and location of the two sellers to Robinette's van. The van was immediately driven to the front of the apartment complex, taking no more than thirty seconds, where Robinette observed appellant and a companion. Robinette approached appellant, informed him that he was under arrest for selling narcotics, placed him on the ground, and did a pat-down search. This search revealed the broken glass vial with cocaine residue.

After making the arrest, Robinette took appellant to the raid van 25 or 30 yards away. There Nichols informed Robinette that appellant was not one of the sellers.

Robinette stated that he could not remember the exact description of the suspects as broadcast by Beasley, other than of "black male, tall, slim build," standing in front of the apartment building in the 7200 block of Scott. However, he believed appellant and his companion met the broadcast description. On cross-examination Robinette admitted that the offense report, drafted by a different officer, described the actual sellers as 15 and 17 years old, both five feet six inches tall, with one wearing white pants and no shirt, the other blue jeans and a white tee shirt. Robinette could not remember what clothing appellant was wearing at the time of the arrest, but admitted he looked older than fifteen, was about six feet tall, and the clothes he was wearing in court would not match the descriptions of the sellers in the offense report.

Chenedert testified that he was one of the sellers, that when he arrived on the street to make the drug transaction he had noticed appellant on a corner at the other end of the block, about fifty yards away. At that time appellant was wearing the same clothes he wore in court, a blue shirt and black pants. Chenedert also stated that appellant had no involvement in the drug sale to Nichols.

The Court of Appeals majority held that the police had probable cause to arrest appellant because he was present at the location of the offense a matter of seconds after it occurred, and met the "general description" of the drug sellers. They also concluded appellant was found in a suspicious place because he was at the scene of a drug transaction only seconds after the broadcast of a radio transmission describing it, and held this allowed appellant's warrantless arrest pursuant to Art. 14.-03(a)(1), V.A.C.C.P. The dissent concluded that neither Nichols nor Beasley had probable cause to believe appellant had committed any offense, so Robinette could not rely on Beasley's request to arrest the cocaine sellers to support appellant's warrantless arrest under either Art. 14.01 or Art. 14.04, V.A.C.C.P.

Appellant here complains that no probable cause existed which would justify his warrantless arrest. Although he does not specifically reference Art. 14.03,[1] his contention necessarily attacks the Court of Appeals' holding that "the officers acted upon probable cause and in the reasonable belief that the appellant was the man who had sold cocaine to the undercover officer." See and compare, *Polk v. State*, 738 S.W.2d 274 (Tex.Cr.App.1987) [Trial objection to illegally seized evidence does not need to specifically invoke Art. 38.23, V.A.C.C.P.]

As a general rule, our statutes require police to obtain a warrant before arresting a suspect. *Dejarnette v. State*, 732 S.W.2d 346, 349 (Tex.Cr.App.1987). However, police may arrest persons without a warrant under some circumstances. This Court has held that the test for probable cause for a warrantless arrest is:

"Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested person) had committed or was committing an offense."

*Stull v. State*, 772 S.W.2d 449, 451 (Tex.Cr. App.1989) (citations omitted).

The record in this cause clearly establishes that Robinette was in possession of reasonably trustworthy information (Beasley's broadcast that he had witnessed a drug transaction) that someone had committed an offense.[2] However, the question remains whether Robinette's conclusion that appellant matched the general description broadcast about the offender, absent evidence detailing that description, is adequate to warrant a prudent man to believe appellant committed the offense. Relevant to this issue is the existence of a description of the actual offenders which is substantially different from that of appellant at the time of his arrest.

In situations involving a warrantless arrest, the State carries the burden of showing the arrest was based on probable cause. *Russell v. State*, 717 S.W.2d 7, 10 (Tex.Cr.App.1986). In this cause the State failed to show the description on which Robinette relied, although another witness existed who might have been able to provide that description. Without being presented with that description, it is impossible for a reviewing court to determine whether a prudent man would have believed appellant was one of the sellers in this drug transaction. An officer's stated

---

1. Appellant does not contest the holding that he was in a "suspicious place." Therefore, we do not address the correctness of that holding. Also, we do not address the applicability of Arts. 14.01 or 14.04, V.A.C.C.P., because the Court of Appeals majority did not rely on those statutes in upholding appellant's arrest and search.

2. Appellant argues that *Colston v. State*, 511 S.W.2d 10 (Tex.Cr.App.1974), requires that when one officer makes a warrantless arrest based on another officer's request, the requesting officer must testify as to the basis of his probable cause. Therefore, he concludes, evidence of probable cause was lacking because neither Beasley nor Nichols testified in this cause.

   However, *Colston* only holds that evidence establishing probable cause for the requesting officer must be presented. Merely showing that an arrest was made because another officer requested it is not sufficient. Robinette's testimony established that at the time of appellant's arrest Robinette was aware of facts which constituted probable cause to believe someone had committed a felony. Although this testimony was based on hearsay, hearsay may be used to establish probable cause. *Juarez v. State*, 758 S.W.2d 772, 774 (Tex.Cr.App.1988).

conclusion that a person matched a broadcast description, when the officer is unable to recall that description and other unchallenged evidence is presented showing appellant's appearance at the time was not similar to that of the actual offender, is insufficient to allow a reviewing court to determine that the officer's conclusion was reasonable.

The State failed to present evidence showing probable cause to believe appellant was one of the offenders, and thus did not show appellant was found "under circumstances which reasonably show [he was] guilty of some felony." See Art. 14.-03(a)(1).

The judgment of the Court of Appeals is therefore reversed and the cause is remanded to that court for proceedings consistent with this opinion.