**Kent RANCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–00876–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 2, 1992.

Kurt Gumberger, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION ON REMAND

PAUL PRESSLER, Justice.

Appellant was indicted for possession of cocaine in an amount less than 28 grams. After the trial court denied his motion to suppress the evidence, appellant waived his right to a jury trial, entered a plea of guilty, and confessed to the allegations in the indictment. The trial court found him guilty and assessed punishment, as recommended by the State, at 15 years' confinement. On original submission, this court affirmed the trial court's denial of appellant's motion to suppress, finding appellant's warrantless arrest justified under TEX.CODE CRIM.PROC.ANN. art. 14.03(a)(1). *See Rance v. State,* 789 S.W.2d 337 (Tex. App.—Houston [14th Dist.] 1990), *rev'd and remanded,* 815 S.W.2d 633 (Tex.Crim. App.1991). On appellant's petition for discretionary review, the Court of Criminal Appeals reversed and remanded the cause for proceedings consistent with its opinion. *See Rance v. State,* 815 S.W.2d 633 (Tex. Crim.App.1991). The judgment of the trial court is reversed and remanded and the evidence is ordered suppressed.

The facts of this case are sufficiently set forth in the Court of Criminal Appeal's opinion. In this court's prior opinion, the majority held that "the police acted upon probable cause and in the reasonable belief that appellant was the man who had sold cocaine to the undercover officer" based on a description of the drug sellers given to the raid team by a police officer who had

observed the sale. *Rance*, 789 S.W.2d at 340. On review of this court's opinion, the Court of Criminal Appeals held that the State failed to present evidence showing probable cause to believe that appellant was one of the offenders, and thus did not prove that appellant was found "under circumstances which reasonably show [that he was] guilty of some felony" as required to justify a warrantless arrest under TEX. CODE CRIM.PROC.ANN. art. 14.03(a)(1). *Rance*, 815 S.W.2d at 636. Specifically, the Court held that the State failed to prove the description on which the arresting officer relied, even though another witness existed who might have been able to provide that description. *Id.* at 635. Without that description, this court cannot determine whether a prudent man would have believed that appellant was one of the sellers in this drug transaction. *Id.* When the arresting officer is unable to recall the description and when other unchallenged evidence is presented which shows that appellant's physical appearance at the time of the arrest was not similar to that of the actual offender, an officer's stated conclusion that a person matched a broadcast description is insufficient to allow a reviewing court to determine that the officer's conclusion was reasonable. *Id.* Under the circumstances, this court has no choice but to reverse the judgment of the trial court and to order the evidence suppressed. This cause is remanded for further proceedings consistent with this opinion.