Canady v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00422-CR







Kevin K. Canady, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0933603, HONORABLE BILL BACHUS, JUDGE PRESIDING








 A Travis County jury convicted Kevin K. Canady of aggravated robbery and
assessed punishment at thirty years' imprisonment. See Tex. Penal Code Ann. § 29.03 (West
1994). (1) Canady argues the trial court erred: (1) in overruling Canady's challenge for cause to
a veniremember; (2) in admitting Canady's written and taped confession; and (3) in overruling
Canady's objection to the court's response to a question the jury asked during its deliberations on
punishment. We will affirm the conviction.



FACTS


 Around midnight on July 6, 1993, Kevin Canady and Sedrick Mitchell (2) lay in wait
in a parking lot for the night manager of Video Austin. As Michael Stanford entered the parking
lot, Canady forced him at gunpoint to hand over his wallet. When Stanford refused to open the
store, Canady and Mitchell abducted Stanford using his own car. The men drove Stanford to a
secluded country road where they forced him to surrender his jewelry and credit cards and ordered
him to remove his clothes. As Stanford was undressing, Canady pushed him to the ground, and
the men drove off, leaving the victim on the side of the road.

 Stanford was able to flag down an off-duty sheriff for help. The police eventually
located his car, which the men had abandoned, and apprehended Mitchell. Canady was arrested
on July 15, 1993 after Mitchell implicated him in the robbery.



DISCUSSION


 In his first point of error, Canady complains that the trial court erred in overruling
his challenge for cause to veniremember Koerner, who testified on voir dire that he would have
a difficult time finding a defendant not guilty even if the State failed to prove one of the elements
of the offense. A defendant may make a challenge for cause when it appears a veniremember has
a bias or prejudice against any law applicable to the case: either the law defining the offense,
punishment, mitigation, or an affirmative defense. Tex. Code Crim. Proc. Ann. art. 35.16(c)(2)
(West Supp. 1995). Canady thus contends that Koerner had a bias against the law upon which
Canady relied.

 In order to preserve error for denial of a challenge for cause, the defendant must
demonstrate that: (1) he asserted a specific challenge for cause on clearly articulated grounds; (2)
he used a peremptory challenge on that juror; (3) all of his peremptory challenges were exhausted;
(4) he requested additional strikes which were denied; and (5) an objectionable juror sat on the
case. Bigby v. State, 892 S.W.2d 864, 882-83 (Tex. Crim. App. 1994). By failing to take any
of these steps, Canady failed to preserve error to complain of the trial court's ruling on his
challenge for cause. Canady's first point of error is overruled. 

 In his second and third points of error, Canady complains that the trial court erred
in overruling his motion to suppress and in admitting his written and tape-recorded confessions. 
Canady contends that because his arrest was not valid, his confessions were the fruit of an illegal
arrest and were therefore inadmissible at trial. See Tex. Code Crim. Proc. Ann. art. 38.23(a)
(West Supp. 1995). (3) 

 The evidence concerning the arrest came during a hearing on Canady's motion to
suppress. In a suppression hearing, the trial court is the sole trier of fact and judge of the
witnesses' credibility and the weight to be given their testimony. Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990); Howe v. State, 874 S.W.2d 895, 898 (Tex. App.--Austin 1994,
no pet.). In reviewing the trial court's decision, an appellate court does not engage in its own
factual review; it determines only whether the record supports the trial court's fact findings, which
must stand absent an abuse of discretion. Romero, 800 S.W.2d at 543; see also Cantu v. State,
817 S.W.2d 74, 77 (Tex. Crim. App. 1991).

 At the suppression hearing, Sergeant Ralph De La Fuente of the Austin Police
Department testified that during the investigation into the aggravated robbery, Sedrick Mitchell
implicated a person known as "K." Based on information Mitchell provided, De La Fuente
contacted the apartment manager at Kingston Village Apartments, described "K.," and asked her
to notify him if she saw "K." That same day the apartment manager called and informed him that
"K." was on the premises. De La Fuente dispatched officers Eric Oakmon and Teresa Montoya
to the apartment complex with a description of "K."

 Montoya testified that upon arrival at the complex, Canady approached her patrol
car and identified himself as "Dante Pearson." When Oakmon arrived and asked Canady for
identification, Canady claimed he had none, but again identified himself as "Dante Pearson." 
Oakmon detained Canady temporarily while he checked to determine if any active arrest warrants
existed under that name. The apartment manager, who had observed Montoya's initial exchange
with Canady, called De La Fuente to notify him that the officers were talking to "K." In
response, De La Fuente radioed the officers, instructing them to detain Canady and identify him.

 While Oakmon was waiting for the results of the warrant check, Montoya informed
him that the apartment manager had identified "Dante" as Kevin Canady, the man for whom they
were looking. About the same time, Oakmon received the broadcast from De La Fuente notifying
the officers that the name of the potential suspect was "K." or "Kevin." Oakmon returned to
Canady and told him the information he provided appeared incorrect. Canady insisted he had
given the correct name. At this time, Canady's mother appeared and identified Canady as her
son, Kevin. 

 Oakmon and Montoya arrested Canady for failure to identify. See Act of May 25,
1991, 72d Leg., R.S., ch. 821, § 1, 1991 Tex. Gen. Laws 2843, 2843 (Tex. Penal Code Ann.
§ 38.02(b), since amended) (hereinafter "Former Tex. Penal Code § 38.02(b)"). (4) The officers
took Canady to the police department, where he made a written confession and a taped confession
the following morning. Both the written and taped confessions were admitted into evidence over
Canady's objections. 

 Canady complains that the officers had not yet arrested or legally detained him
when he gave them the wrong name, and that they had no reason to believe he was a witness to
a criminal offense. Canady asserts the arrest also violated the Fourth Amendment to the U.S.
Constitution and Article I, section 9 of the Texas Constitution because the officers had no
probable cause to arrest him in connection with the aggravated robbery or for failure to identify. 
We disagree.

 Circumstances short of probable cause may justify temporary detention for the
purposes of investigation. Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983). To
justify such an investigative detention, the officer must have specific articulable facts which, in
light of the officer's experience, personal knowledge, and inferences from those facts, reasonably
indicate that the person may be associated with a crime. Terry v. Ohio, 392 U.S. 1, 21 (1968);
Davis v. State, 829 S.W.2d 218, 219 (Tex. Crim. App. 1992). When there has been cooperation
between members of the same law enforcement agency, the sum of the information known by the
officers involved at the time of the stop is considered in determining whether reasonable suspicion
for an investigative stop exists. Hoag v. State, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987);
see also Martinez v. State, 635 S.W.2d 629, 632-33 (Tex. App.--Austin 1982, pet. ref'd). A
police officer may make a Terry stop in objective reliance on a flyer or a bulletin for a party's
arrest issued by a police department. Delk v. State, 855 S.W.2d 700, 710 (Tex. Crim. App.
1993), cert. denied, 114 S. Ct. 481 (1993). Evidence uncovered in the course of such a stop is
admissible if the police officer who issued the bulletin possessed reasonable suspicion justifying
the stop. Id.

 Oakmon's initial questioning of Canady did not implicate Canady's Fourth
Amendment rights. Police officers are "as free as anyone to ask questions of their fellow
citizens." Holladay v. State, 805 S.W.2d 464, 471 (Tex. Crim. App. 1991). Based upon the
information provided by Mitchell, the apartment manager, and De La Fuente, the officers clearly
had sufficient information to justify a temporary detention of Canady to verify his identity. 

 The test for probable cause in a warrantless arrest is whether the facts and
circumstances within the officer's knowledge, based on reasonably trustworthy information, were
sufficient to warrant a prudent person in believing the arrested person had committed an offense. 
Rance v. State, 815 S.W.2d 633, 635 (Tex. Crim. App. 1991). When applying this standard, we
look at the totality of the circumstances to determine if the officers had a substantial basis for
concluding probable cause existed at the time of the questioned action. Eisenhower v. State, 754
S.W.2d 159, 164 (Tex. Crim. App. 1988), overruled in part on other grounds by Heitman v.
State, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991). Probable cause to make a warrantless
arrest may also rest upon the collective knowledge of a law enforcement agency. Woodward v.
State, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982), cert. denied, 469 U.S. 1181 (1985); see
also Crane v. State, 786 S.W.2d 338, 346 (Tex. Crim. App. 1990).

 Canady gave the fictitious name "Dante Pearson" while he was lawfully detained;
his mother's identification provided ample cause for the officers to arrest him without a warrant
for violating section 38.02(b). Furthermore, Officer Oakmon had good cause to believe that
Canady was, at a minimum, a witness to a criminal offense based upon the information provided
by Mitchell and De La Fuente. Thus, Canady's taped and written confessions were not the result
of an illegal arrest and were properly admitted at trial. We overrule Canady's second and third
points of error. 

 In his fourth point of error, Canady complains that the trial court erred in
overruling his objection to the trial court's response to a question the jury submitted during its
deliberations on punishment. The jury sent several questions to the judge, including the
following: "Can we assess a combination of a prison term with part of it probated, e.g., could
we sentence him to, for example, five years in prison followed by five years probation." The trial
court proposed the following answer: "No. Please refer to the Court's Charge." Canady
objected to the proposed answer, but provided no grounds for his objection. Instead, he simply
suggested that the following response would be appropriate: "The Court, under the law, is not
permitted to answer the questions which were presented." The trial court overruled the objection
and submitted the answer to the jury in its original form. 

 Canady asserts that the trial court erred in giving a substantive answer to the jury's
question, which was equivalent to an improper instruction. See Daniell v. State, 848 S.W.2d 145,
147 (Tex. Crim. App. 1993). In Daniell, the court held that a trial court's substantive answer to
a question posed by the jury is equivalent to an additional or supplemental jury instruction. Id. 
On review, the appellate court must determine whether the subject matter of the communication
was proper. Id. 

 When a jury requests additional instructions upon a question of law and the subject
matter of the request is proper, the trial court should give such instruction in writing. Allaben v.
State, 418 S.W.2d 517, 520 (Tex. Crim. App. 1967). Here, the trial court's answer informed
the jury of the applicable law, namely that a combined punishment of imprisonment and probation
would not be valid. See Heath v. State, 817 S.W.2d 335, 336 (Tex. Crim. App. 1979). In
essence, the trial court merely referred the jury back to the original, proper charge. See Earnhart
v. State, 582 S.W.2d 444, 450 (Tex. Crim. App. 1979). It did not instruct the jury with regard
to additional factual matters--the type of instruction the Daniell court held to constitute error. See
Daniell, 848 S.W.2d at 147. Furthermore, even if the instruction amounted to error under
Daniell, we hold that any such error was harmless. (5) Canady's fourth point of error is overruled.

 The judgment of conviction is affirmed.



 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish

1.   This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. See Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993
Tex. Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994 have
no substantive effect on this provision, the current code is cited for the sake of convenience. 
2.   Sedrick Mitchell was convicted of aggravated robbery on August 17, 1994 and was
sentenced to six years' confinement in the Texas Department of Criminal Justice,
Institutional Division. This Court dismissed his appeal in cause number 03-94-00503-CR on
November 9, 1994. 
3.   Article 38.23 provides in part: "No evidence obtained by an officer or other person in
violation of any provisions of the Constitution or the laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted in evidence against
the accused on the trial of any criminal case." Tex. Code Crim. Proc. Ann. art. 38.23(a)
(West Supp. 1995).
4.   Former section 38.02(b), in effect at the time of Canady's arrest, provided:


A person commits an offense if he reports or gives a false or fictitious name,
residence address, or date of birth to a peace officer who has:


(1) lawfully arrested the person;


(2) lawfully detained the person; or


(3) requested the information from a person that the peace officer has good
cause to believe is a witness to a criminal offense.


Former Tex. Penal Code § 38.02(b). A subsequent amendment added a scienter requirement of
"intentionally" that did not expressly exist in the statute at the time of this offense. See Act of
May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586 (Tex. Penal Code
Ann. § 38.02(b) (West 1994)). 
5.   Error in a jury charge is evaluated in light of the entire jury charge, the state of the
evidence, and any other relevant information in the record. Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1984). Even assuming Canady properly objected, which we question,
error in the charge does not require reversal unless some actual harm to the accused is shown. 
Id. at 171, 174. Canady has failed to demonstrate any such harm.