NO. 07-01-0488-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 3, 2002


______________________________



SEVERIANO A. JARAMILLO,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-435,545; HON. BRADLEY S. UNDERWOOD, PRESIDING


_______________________________



ON MOTION FOR REHEARING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Pending before the court is the motion of the State for rehearing. We overrule same
with the following comments.

 First, the State suggests that the "Court misinterpreted Rance [v. State, 815 S.W.2d
633 (Tex. Crim. App. 1991)]." This is allegedly so because in Rance, the arresting officer
actually arrested the wrong suspect. "Thus, the viewing officer did not have probable
cause to arrest," suggests the State. "In other words, Rance only applies when the police
arrest the wrong person based upon a broadcast of a vague description." Here, according
to the prosecution, the right person was arrested; thus, Rance is purportedly inapposite. 
In perusing Rance, one will find that the Texas Court of Criminal Appeals was concerned
about the State establishing, before a court reviewing the arrest, the existence of probable
cause to arrest the person seized. Therein, it obligated the State to present evidence of
the suspect's description upon which the arresting officer allegedly acted. Without it,
according to the court, the legitimacy of the seizure could not be assessed. Id. at 635. 
Contrary to what the State apparently insinuates, nowhere did the Rance court dispense
with the need to prove, via competent evidence, the existence of probable cause to believe
that a crime occurred and the person to be arrested committed it simply because the
officers happened to arrest the right person. 

 Next, though it can be read thusly, the State surely does not suggest that if one
officer sees a crime occur, another officer who did not witness it and knows not who the
suspect is can lawfully arrest anyone he chooses so long as the right suspect is eventually
seized. Such a contention would liken to Capt. Louis Renault, Prefect of Police, forming
his subordinates to "round up the usual suspects" upon hearing that some crime occurred. (1) 
Though that may make for an entertaining cinematic moment, it is not the rule of law that
governs outside the boundaries of fiction. (2) 

 Third, our jurisprudence, as illustrated in Rance and numerous other opinions from
the Texas Court of Criminal Appeals and the United States Supreme Court, has always
demanded that law enforcement officers arresting someone have probable cause to
believe that a crime occurred and the person they intend to arrest committed it. Rance v.
State, 815 S.W.2d at 635; Stull v. State, 722 S.W.2d 449, 451 (Tex. Crim. App. 1989)
(citing Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)). As can be seen,
the test has two components. One pertains to knowledge about the commission of the
crime and the other to knowledge about the identity of the person who purportedly
committed it. Not only must both exist for the arrest to be legitimate, but the State must
present evidence illustrating the existence of both when the arrest occurs without a
warrant. See Stull v. State, 772 S.W.2d at 451 (holding that the State has the burden of
proof to establish the legitimacy of the arrest when it occurs without a warrant). And,
though the collective knowledge of the law enforcement community can be used to satisfy
this test, the arresting officer must still have before him indicia from which he can conclude
that the person he is arresting is the person he is suppose to arrest. Rance v. State, 815
S.W.2d at 635. This indicia may come via a description of the suspect imparted by an
officer who saw the commission of the crime. It may come in the form of a prior plan to
arrest a particular person who is the subject of a sting operation upon another officer's sign
that the crime or operation was complete. Yet, irrespective of how the officer comes to
know who to arrest, there must exist circumstances which provide him legitimate basis
upon which to select the eventual arrestee. And, most importantly, that basis must appear
of record when the legitimacy of the arrest is challenged. That is all Rance stood for. See
Rance v. State, 815 S.W.2d at 635-36 (stating that though the arresting officer had
reasonably trustworthy information that someone had committed an offense, the question
remained as to whether the person seized matched the description of the offender
disclosed in the broadcast). That is all we require.

 Here, the prosecution failed to ask Officer Kelly how he knew to arrest Jaramillo. 
The prosecution failed to explain for the record how Officer Kelly knew to arrest Jaramillo
when he did not personally witness the transaction or know who Jaramillo "was at the
time." The prosecution failed to explain for the record how Kelly knew to arrest Jaramillo
when he did not personally hear the radio transmissions between Robison and the officer's
monitoring the operation via radio. The prosecution failed to explain for the record how
Kelly knew to arrest Jaramillo when an officer who actually monitored the operation via the
radio admitted that they "had a lot of problems getting a clear audio signal," it "was just .
. . we got a lot of static," and Robison could be heard "[j]ust very intermittently." Also
unexplained for the record was what was heard by those monitoring the transaction during
the "very intermittently" heard transmissions and then revealed to Officer Kelly. 

 Simply put, the task of the State was to build a chain, through the presentation of
evidence, connecting the commission of the crime to the arrest of Jaramillo. Not only must
each link of that chain be connected to the other, their collective strength must be sufficient
to withstand the weight of probable cause and a reviewing court's scrutiny. While it may
well be that the officers at bar had probable cause to arrest Jaramillo, the prosecution did
not develop, through evidence, the requisite chain. And, that it was shown by the State at
the hearing that the right person was arrested does not allow us to infer the existence of
those interconnected links. Indeed, if such links could be inferred, then the Court of
Criminal Appeals in Rance would not have held that "[w]ithout being presented with th[e]
description [of the suspect as seen by another officer], it is impossible for a reviewing court
to determine whether a prudent man would have believed appellant was one of the sellers
in this drug transaction." Rance v. State, 815 S.W.2d at 635. 

 In sum, we do not "essentially ignore[] the viewing officer's probable cause to
arrest," as the State suggests in its motion for rehearing. Nor do we "require[] the State to
establish probable cause twice for the arrest . . . ." We do, however, require the State to
carry its burden to prove via evidence that there existed probable cause to believe that a
crime occurred and that the arresting officer had legitimate basis to select the one he
ultimately arrested. (3) Should anything less be required then not only would the words of
Capt. Renault be fiction but also the constitutional provisions protecting against
unreasonable search and seizure. 


 Brian Quinn

 Justice




Do not publish. 











 
1. Casablanca (Warner Brothers 1942).
2. The more cynical could liken the State's argument to the acts of Joseph Stalin. It is said that when
he knew not who the one spy was in a group of 100 people, he arrested all to get the one. Apparently he
cared little about particularizing his search to avoid casting too broad of a net. And, that is the concern before
us, particularizing the search to avoid casting too broad of a net. 
3. We did and do not hold or insinuate that the officers actually lacked probable cause to arrest
Jaramillo. We merely conclude that the prosecution failed to prove it to the reviewing court. And, proving its
existence is just as important as is its existence.