NO. 07-05-0359-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 20, 2006

______________________________

GONZALO ROJAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408551; HONORABLE DAVID GLEASON, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Following a plea of not guilty, appellant Gonzalo Rojas was convicted by a jury of burglary of a habitation with intent to commit assault and sentenced to twenty-five years confinement.  By two issues, appellant contends (1) the trial court erred in refusing to instruct the jury with regard to lesser included offenses, and (2) the evidence was factually insufficient to support a finding of guilt.  We affirm.

Appellant was involved in an altercation with the complainant, Pedro Arzabala, after learning Pedro was romantically involved with Ester Fuentes, the mother of appellant’s two children.  The altercation occurred at Pedro’s apartment.  When appellant arrived at the apartment, Pedro’s roommate, Jorge Fuentes, answered the door and informed appellant that Pedro was asleep.  However, appellant insisted that Jorge tell Pedro he wanted to see him.  Shortly thereafter, Pedro appeared at the door but remained standing inside the apartment.  Appellant then confronted him regarding his involvement with Ester.  The confrontation escalated and appellant reached into the doorway and grabbed Pedro, apparently damaging his shirt.
(footnote: 1)  Jorge stepped between the two men and escorted appellant to the parking lot.  The men reported the incident to police, and appellant was arrested and charged with burglary of a habitation with intent to commit assault.

At trial, prior to jury deliberations, appellant objected to the jury charge and requested the inclusion of instructions on the misdemeanor offenses of assault by contact and assault by threat.  After a brief recess, the trial court overruled appellant’s objections and denied his request for additional instructions.  Appellant was subsequently convicted of burglary.   

By his first issue, appellant contends the trial court erred in denying his request to include instructions in the jury charge pertaining to assault by threat and assault by conduct.  Appellant contends misdemeanor assault is a lesser-included offense of the burglary as charged.  We disagree.

An instruction on a lesser-included offense is only proper when (1) the lesser- included offense is included within the proof necessary to establish the offense charged, and (2) some evidence exists in the record that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense.  Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Cr.App. 1993); Tex. Code Crim. Proc. Ann. art. 37.09 ( Vernon 1981).

Regarding the first prong, appellant was indicted for burglary of a habitation with intent to commit assault pursuant to section 30.02(a)(1) of the Penal Code.  Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003).  A person commits the offense if he (1) enters a habitation (2) not open to the public (3) without the owner’s consent (4) with intent to commit an assault.  
Id.  
Under the offense as charged, the State is not required to prove the existence of an actual assault.  Jacob v. State, 892 S.W.2d 905, 909 (Tex.Cr.App. 1995).  Rather, the State must only show appellant intended to commit an assault.  
Id.  
Accordingly, assault is not a lesser-included offense of burglary with intent to commit assault because the proof necessary to establish assault is not included within the proof necessary to establish the burglary as charged.  Appellant’s first issue is overruled. 

By his second issue, appellant contends the evidence was factually insufficient to sustain his conviction because the evidence that he intentionally entered the apartment was so weak as to render the verdict manifestly unjust.  We disagree.

In conducting a factual sufficiency review, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000).  We must determine after considering all the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004 ).  In our review, we do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of the witnesses, as this was the function of the trier of fact.  
See
 Adelman v. State, 828 S.W.2d 418, 421 ( Tex.Cr.App. 1992).

Section 6.03 of the Penal Code provides that a person acts intentionally when “it is his conscious desire to engage in the conduct or cause the result.” Tex. Pen. Code Ann. § 6.03(a) (Vernon 2003).  Here, appellant does not dispute the fact that he entered the apartment.  In fact, all three witnesses, including appellant, testified that when the confrontation escalated, appellant reached into the doorway of the apartment and grabbed Pedro by the shirt.  In reviewing the record, we find no evidence suggesting appellant did not intend to reach through the doorway and assault Pedro.  Furthermore, the jury, as trier of fact, may choose to believe all, some, or none of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986).  A jury's decision is not manifestly unjust merely because it resolved conflicting views of evidence in favor of the State.  Cain v. State, 958 S.W.2d 404, 410 (Tex.Cr.App. 1997). 

     Viewing the evidence in a neutral light, we conclude the evidence is not so weak that the jury's verdict was clearly wrong and unjust, nor is the verdict so against the overwhelming weight of the evidence as to be clearly wrong and unjust.  We find the evidence is factually sufficient to support appellant's conviction.  His second issue is overruled. 

     Accordingly, the trial court’s judgment is affirmed. 

  

                                  Don H. Reavis 

                                           Justice 

Do not publish.         

 

åÅê . . . at [the] moment [of arrest] the facts and circumstances within the [arresting] officer’s knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested person) had committed or was committing an offense.

Shipman v. 
State, 935 S.W.2d 880, 883-84 (Tex. App.–San Antonio 1996, pet. ref’d), citing 
Rance v. State
, 815 S.W.2d 633, 635-36 (Tex. Crim. App. 1991).  As can be readily seen, the definition consists of two parts.  One pertains to the existence of circumstances which justify the belief that a crime occurred or is occurring, while the other involves the existence of indicia sufficient to justify a belief that the person seized committed or was committing the crime.  The satisfaction of both elements is required before the arrest can be found legitimate.  Yet, this does not mean that the officer making the arrest must have personal knowledge that a crime occurred or that the person he arrested committed it.  This is true because he may act at the direction of others, such as through a broadcast.  And, when that happens, the focus lies upon the information known to the officer who made the broadcast or upon whose directive the arresting officer acted.  
Martinez v. State
, 72 S.W.3d 76, 81 (Tex. App.–Amarillo 2002, no pet.).  In other words, the collective knowledge of those involved in the arrest determines the legitimacy of the arrest.  

Nevertheless, the collective knowledge of all the officers does not alter the definition of probable cause described above.  Instead, it merely allows the arresting officer to act based upon the knowledge of and circumstances seen by other officers.  So, the arresting officer remains prohibited from simply arresting anyone at  whim.  On the contrary, he must still have legitimate basis to seize the particular person he seized despite the collective knowledge of every other officer.  
See Rance v. State
, 815 S.W.2d at 635-36 (stating that though the arresting officer had reasonably trustworthy information that someone had committed an offense, the question remained as to whether the person seized matched the description of the offender disclosed in the broadcast).  And, that basis must exist at the time of the seizure for information or knowledge subsequently acquired cannot be used to legitimize a prior arrest.  
Torres v. State
, 868 S.W.2d 798, 801 (Tex. Crim. App. 1993).  With this said, we turn to the cause before us.

Application of Standard

On appeal, no one disputes that the record before us contains evidence upon which a reasonably prudent officer could infer that a crime had occurred.  Similarly undisputed is that appellant was involved in the commission of that crime.  Instead, the controversy concerns whether Kelly had sufficient basis to arrest appellant at the time of the arrest.  And, regarding the matter, the record depicts that at the time of the arrest Kelly knew (either personally or otherwise
(footnote: 2)) only that 1) a reverse sting operation had occurred, 2) those involved in the sting were apparently “Hispanic males,” 3) Officer Robison had given the bust signal, and 4) the person Kelly arrested was on the premises after Robison signaled for the arrests to proceed and that he was a Hispanic male.  Yet, nothing of record discloses that Kelly knew the identity of those who actually participated in the transactions which constituted the criminal acts (other than the identity of Robison, of course).  Nor does the record indicate that Robison broadcast a description of the suspects prior to appellant’s arrest.  Even if he had, it is questionable whether anyone would have heard it given the malfunctioning equipment.  And, to the extent that Kelly heard some reference to “Hispanic males” while “listening to the LPD radio,” nothing of record illustrates who imparted that information or why they concluded that “Hispanic males” were involved in the transaction.

Nor do we have of record evidence regarding the actual number of “Hispanic males” on the premises immediately prior to the arrest or during the sting operation.  Robison spoke of encountering  three: appellant, Barraza, and Leija.  Yet, if they were the only three there is unknown.  Nor does the record suggest that Kelly searched the premises for others at any time before he arrested appellant.  Again, he merely entered the building, saw a Hispanic male and female, and arrested the male; and, Kelly candidly stated that he did not know who appellant was at the time.  So, no evidence exists to permit one to reasonably infer that appellant must have been one of the participants in the criminality because Kelly searched for other Hispanics and found none.
(footnote: 3)  Again, the record illustrates that he simply arrested the first Hispanic male he encountered on the premises.           

The circumstances before us liken to those found deficient in 
Rance
.  There, a group of officers were engaged in a drug operation.  One witnessed a sale of contraband and “radioed a description and location of the two sellers” to a van in which sat officer Robinette.  The latter immediately proceeded to the described locale and observed Rance and a companion.  The two were then arrested by Robinette.  The Court of Criminal Appeals found the arrest to be illegal.  It did so because the State failed to tender into evidence the description provided to Robinette by the officer who witnessed the sale.  “Without being presented with that description, it [was] impossible for a reviewing court to determine whether a prudent man would have believed [Rance] was one of the sellers . . .,” the court held.  
Rance v. State
, 815 S.W.2d at 635.  And, that  Rance was found at the locale along with another person immediately after the sale occurred did not warrant a different outcome.  Here, we have no evidence of a description of those involved in the transactions with Robison, except for some vague information about “Hispanic males” made by some unknown source and garnered by unknown means.  
Given this, appellant’s location at the crime scene around the time the crime occurred was not enough evidence upon which a reasonably prudent officer could infer that 
appellant
 committed a criminal act, thereby justifying an arrest.
(footnote: 4)  In short, the State failed to present sufficient evidence to support the existence of probable cause to arrest appellant without a warrant.  

To the extent that probable cause was lacking for the arrest, the trial court erred in refusing to suppress evidence obtained via the ensuing search.  Furthermore, it was that search which culminated in the discovery of the controlled substance upon which appellant’s conviction was founded.  Thus, we cannot say that the error was harmless.  Accordingly, we reverse the judgment and remand the cause.  

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
The parties dispute whether the shirt was ripped during the struggle or cut with a sharp object.

2:
3:
4: