ACCEPTED
03-13-00764-CR
3638622
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/2/2015 3:01:21 PM
JEFFREY D. KYLE
CLERK

No. 03-13-00764-CR

# IN THE COURT OF APPEALS
## THIRD DISTRICT
## AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/2/2015 3:01:21 PM
JEFFREY D. KYLE
Clerk

## JOSE SOSA,
## APPELLANT

### vs.

## THE STATE OF TEXAS,
## APPELLEE

APPEAL FROM THE 403RD DISTRICT COURT
TRAVIS COUNTY, TEXAS
CAUSE NUMBER D1DC11205390

## STATE'S BRIEF

ROSEMARY LEHMBERG
DISTRICT ATTORNEY
TRAVIS COUNTY, TEXAS

M. SCOTT TALIAFERRO
TEXAS BAR NO. 00785584
ASSISTANT DISTRICT ATTORNEY
DIRECTOR, APPELLATE DIVISION
DISTRICT ATTORNEY'S OFFICE
P.O. BOX 1748
AUSTIN, TEXAS  78767
PHONE: 512.854.3626   FAX: 512.854.4206
EMAIL:  scott.taliaferro@traviscountytx.gov
        AND AppellateTCDA@traviscountytx.gov

### THE STATE DOES NOT REQUEST ORAL ARGUMENT

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................ ii

STATEMENT OF THE CASE ............................................................................2

STATEMENT REGARDING ORAL ARGUMENT .........................................2

STATEMENT OF FACTS................................................................................3

SUMMARY OF THE ARGUMENTS..............................................................4

THE STATE'S REPLY TO THE FIRST POINT OF ERROR ..........................5

THE STATE'S REPLY TO THE SECOND POINT OF ERROR ...................10

PRAYER .......................................................................................................18

CERTIFICATE OF COMPLIANCE .............................................................19

CERTIFICATE OF SERVICE.......................................................................19

# INDEX OF AUTHORITIES

**CASES**

*Beck v. Ohio*, 379 U.S. 89, 98 (1964). ........................................................................ 6

*Brooks v. State*, 707 S.W.2d 703, 705 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd.) ...................................................................................................................... 8

*Curry v. State*, 30 S.W. 3d 394, 406 (Tex. Crim. App. 2000). ............................... 12

*Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). ........... 14, 15

*Devoe v. State*, 354 S.W. 3d 457, 470 (Tex. Crim. App. 2011) ............................ 17

*Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) ............................. 11

*Esco v. State*, 668 S.W.2d 358, 360–61 (Tex. Crim. App. [Panel Op.] 1982) ......... 9

*Foster v.* State, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989). ............................ 17

*Guzman v. State*, 955 S.W.2d 85, 87–88 (Tex. Crim. App. 1997). ......................... 5

*Harris v. State*, 164 S.W. 3d 775, 784 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd.) ..................................................................................................................... 17

*Illinois v. Gates*, 462 U.S. 213, 234–35 (1983) ..................................................... 9

*Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979) ............................................... 10

*King v. State*, 29 S.W. 3d 556, 562 (Tex. Crim. App. 2000) ................................. 11

*Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986) ...................... 12, 13

*Maryland v. Pringle*, 540 U.S. 366, 371 (2003) ................................................. 6, 16

*McGee v. State*, 105 S.W. 3d 609, 614 (Tex. Crim. App. 2003). ............................ 6

*Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) .............................. 17

*Ornelas v. United States*, 517 U.S. 690, 696 (1996) ............................................... 7

*Riggan v. State*, No. 07-09-00227-CR, 2011 Tex. App. LEXIS 5497, at *8 (Tex. App. Amarillo July 19, 2011) (not designated for publication) ........................... 10

*State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). .................. 5

*Terry v. Ohio*, 392 U.S. 1, 21–22 (1968) .............................................................. 14

*Tribble v. State*, 792 S.W.2d 280, 284 (Tex.App.—Houston [1st Dist.] 1990) ........ 8

**STATUTES**

TEX. CODE CRIM. PROC. art. 14.01(b). ..................................................................... 6

TEX. CODE CRIM. PROC. art. 38.23. ........................................................................... 6

TEX. PENAL CODE § 22.01(a)(3) ............................................................................. 15

TEX. PENAL CODE § 38.04 ....................................................................................... 14

TEX. PENAL CODE, § 49.02 ........................................................................................ 7

No. 03-13-00764-CR

IN THE COURT OF APPEALS
THIRD DISTRICT
AUSTIN, TEXAS

JOSE SOSA,
APPELLANT

vs.

THE STATE OF TEXAS,
APPELLEE

APPEAL FROM THE 403RD DISTRICT COURT
TRAVIS COUNTY, TEXAS
CAUSE NUMBER D1DC11205390

STATE'S BRIEF

TO THE HONORABLE COURT OF APPEALS:

The State of Texas, by and through the District Attorney for Travis County,

respectfully submits this brief in response to that of the appellant.

1

## STATEMENT OF THE CASE

On April 24, 2012, Appellant was charged with possession with intent to deliver a controlled substance, cocaine, in an amount of four or more, but less than 200 grams.  C.R. 11.  A pretrial hearing on Appellant's motion to suppress evidence was held on May 21, 2013.  2 R.R. 1–56.  The trial court denied the motion.  2 R.R. 54–55.  The trial on the merits commenced on October 21, 2013.  On October 24, the jury rendered a verdict of not guilty on the indicted charge, and a verdict of guilty on the lesser included charge of possession of a controlled substance in an amount between four and 200 grams.  7 R.R. 4; C.R. 74.  Appellant was sentenced to 5 years probation.  C.R. 85.  The sentence was assessed on November 14.  *Id.* The trial court certified Appellant's right to appeal on November 14, 2013, and Appellant filed his notice of appeal the same day.  C.R. 79, 84.

## STATEMENT REGARDING ORAL ARGUMENT

Because the issues, facts, legal authorities, and arguments pertinent to the instant appeal are adequately addressed in the briefs submitted by the parties, the State respectfully asserts that the Court's decisional process would not be significantly aided by oral arguments.  Accordingly, the State does not request oral argument.

STATEMENT OF FACTS

On the night of Friday, October 7, 2011, Officer Ronald Enriquez arrested Appellant for Public Intoxication outside of Shakespeare's Pub on East Sixth Street in Austin. 5 R.R 78–79. An unidentified staff member from Shakespeare's had previously approached Officer Enriquez to inform him of a disturbance that had occurred outside of the bar. 5 R.R. 72. The staff member then identified Appellant as a person who was involved in the disturbance. *Id.* Officer Enriquez approached Appellant, at which time Appellant turned and ran into Shakespeare's. 5 R.R. 74. Officer Enriquez entered the bar and pursued Appellant, catching up with him outside of the back door. *Id.* Officer Enriquez noticed that Appellant was displaying signs of intoxication including impaired balance and speech, bloodshot and glassy eyes, and emission of a strong odor of an alcoholic beverage. 5 R.R. 74–75. Officer Enriquez also found that, based on information that Appellant had been involved in the previous disturbance, Appellant was posing a danger to himself and others. 5 R.R. 78–79 . Officer Enriquez arrested Appellant for the offense of public intoxication. *Id.* After arresting Appellant, Officer Enriquez performed a search of Appellant's person and found five individually packaged bags of cocaine. 5 R.R. 79, 83, 89. Appellant filed a motion to suppress the

3

cocaine found in the search, but the motion was denied in a pretrial hearing. 2 R.R. 54–55.

## SUMMARY OF THE ARGUMENTS

With regard to Appellant's first point of error, the trial court did not err in denying Appellant's motion to suppress evidence. The cocaine admitted as evidence was obtained through a legal search incident to arrest. Officer Enriquez reasonably relied on his own observations and information from witnesses on the scene to determine that Appellant was committing the offense of public intoxication. Appellant displayed signs of intoxication and also admitted to Officer Enriquez that he was involved in an altercation outside of Shakespeare's Pub. After Officer Enriquez arrested Appellant for this offense, he performed a legal search that produced the cocaine he was charged for possessing.

Regarding Appellant's second point of error, evidence at trial was sufficient to support a reasonable jury's finding that Officer Enriquez had probable cause to arrest Appellant for the offenses of public intoxication, evading detention, and assault. Officer Enriquez's personal observations, coupled with the information he received from witnesses to the assault of Gabrielle Canard, support a determination that Appellant had committed, or was in the course of committing, all of the aforementioned offenses. It was within the province of the jury to make this

4

determination for each offense. The jury's conclusion was reasonable and should not reversed by the court of appeals.

## THE STATE'S REPLY TO THE FIRST POINT OF ERROR

THE TRIAL COURT DID NOT ERR WHEN IT DENIED APPELLANT'S MOTION
TO SUPPRESS EVIDENCE.

### Standard of Review

When reviewing the trial court's ruling on a motion to suppress, the court of appeals must view all evidence in the light most favorable to the ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The court affords "almost total deference" to a trial judge's determination of the facts that the record supports. *Id.* In this case, the State is "afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *Id.* The determination of probable cause underlying the ruling on the motion to suppress is reviewed *de novo*. *Guzman v. State*, 955 S.W.2d 85, 87–88 (Tex. Crim. App. 1997).

### Argument and Authorities

The trial court did not err when it denied Appellant's Motion to Suppress Evidence obtained incident to Appellant's arrest for Public Intoxication. Contrary to Appellant's argument, the arrest precipitating the search was lawful, and the

5

cocaine was seized in accordance with the laws of the State of Texas. *See* TEX. CODE CRIM. PROC. art. 38.23.

In Texas, a warrantless arrest is lawful if (1) probable cause to arrest exists and (2) at least one of the statutory exceptions to the warrant requirement listed in Article 14.01 of the Code of Criminal Procedure applies. *McGee v. State*, 105 S.W. 3d 609, 614 (Tex. Crim. App. 2003). Article 14.01(b) says that "a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." TEX. CODE CRIM. PROC. art. 14.01(b). Even if an officer did not personally observe overtly criminal behavior, he may consider prior knowledge or tips in determining whether an offense was committed. *McGee*, 105 S.W. 3d at 614. Probable cause exists "if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 98, 85 S. Ct. 223, 225 (1964). An inquiry into probable cause requires an analysis of the totality of the circumstances facing the arresting officer. *Maryland v. Pringle*, 540 U.S. 366, 371,124 S. Ct. 795, 800 (2003)). In determining the existence of probable cause, the court focuses on "'whether the[ ] historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Id.* at 371 (citing *Ornelas v. United States*,

6

517 U.S. 690, 696, 116 S. Ct. 1657, 1661–62 (1996)). Determinations of probable cause are reviewed *de novo*. *Guzman v. State*, 955 S.W.2d 85, 87–88 (Tex. Crim. App. 1997).

A person commits the offense of public intoxication if (1) the person appears in a public place while intoxicated and (2) is intoxicated to the degree that the person may endanger himself or another. TEX. PENAL CODE, § 49.02. Appellant argues that the trial court erred in finding that Officer Enriquez had probable cause to arrest Appellant for the offense of public intoxication. Appellant does not dispute that the arrest occurred in a public place. After encountering Appellant, Officer Enriquez observed that Appellant's speech and balance were impaired, that his eyes were bloodshot and glassy, and that his breath was emitting a strong odor of an alcoholic beverage, signs of intoxication that he had been trained to recognize. 2 R.R. 17, 23. Officer Enriquez testified that he was not legally obligated to administer any sobriety tests as part of his determination that Appellant was intoxicated and instead relied on his police training in identifying these signs of intoxication. 2 R.R. 26.

With respect the second element of the offense—posing a danger to oneself or others—Officer Enriquez testified that he determined that Appellant was a danger after a short investigation of the night's events. 2 R.R. 21. Although Officer Enriquez did not personally observe the altercation in which Appellant was

7

involved, his reliance on the eyewitness testimony of others in determining Appellant's level of danger was reasonable. In forming an opinion as to whether a crime has been or is being committed, an officer "may consider information that is furnished by a private citizen, worthy of belief, whose information is reliable." *Tribble v. State*, 792 S.W.2d 280, 284 (Tex.App.—Houston [1st Dist.] 1990) (citing *Brooks v. State*, 707 S.W.2d 703, 705 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd.)). An unidentified staff member at Shakespeare's Pub "flagged down" Officer Enriquez and informed him of a disturbance that happened outside of the bar. 2 R.R. 24. When Officer Enriquez approached the bar, this staff member identified Appellant as a person involved in the disturbance. 2 R.R. 25. Officer Enriquez then began to approach Appellant, who, in turn, fled into Shakespeare's Pub. 2 R.R. 8. After Officer Enriquez caught up with Appellant in the alleyway behind the bar, John Gomez, a bouncer at The 311 Club (a neighboring bar on East Sixth Street), came forward to inform Officer Enriquez that he had also observed Appellant's involvement in the disturbance. 2 R.R. 7, 26, 12–13, 30. In addition, Officer Enriquez spoke with Gabrielle Canard regarding the altercation in which she had been assaulted. 2 R.R. 22.

Officer Enriquez repeatedly testified in the hearing on the motion to suppress that he found that there was probable cause to arrest Appellant after considering the information furnished to him by the witnesses on the scene, two of

8

whom sought him out for the specific purpose of offering this information. Private citizens who contact the police "for the sole purpose of reporting a criminal act [are] inherently credible and reliable." *Esco v. State*, 668 S.W.2d 358, 360–61 (Tex. Crim. App. [Panel Op.] 1982). The "tips" that Officer Enriquez received from these witnesses are entitled to a presumption of reliability. *See Illinois v. Gates*, 462 U.S. 213, 234–35, 103 S. Ct. 2317, 2329 (1983). Officer Enriquez was justified in considering these witnesses' information to be trustworthy and in using it as part of his probable cause determination.

Given these facts, on which the trial judge made his probable cause determination at trial, Appellant's arrest for public intoxication was legal. When reviewing the trial court's ruling on a motion to suppress, the court of appeals must view all evidence in the light most favorable to the ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The court affords "almost total deference" to a trial judge's determination of the facts that the record supports. *Id.* In this case, the State is "afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *Id.*

It is certainly reasonable to infer from the evidence presented at the hearing on the motion to suppress that Officer Enriquez had probable cause to arrest Appellant for the offense of public intoxication. Officer Enriquez observed Appellant in a public place, displaying signs of intoxication. It is of no moment

that he did not administer a sobriety test in the field or witness Appellant drinking alcohol; it is enough that Officer Enriquez relied on his law enforcement training to determine that Appellant was intoxicated. *See Riggan v. State*, No. 07-09-00227-CR, 2011 Tex. App. LEXIS 5497, at *8 (Tex. App.—Amarillo July 19, 2011) (not designated for publication) (holding that failure to administer a field sobriety test when arresting appellant for public intoxication did not require the court to "find probable cause was lacking"). Additionally, it was reasonable for the trial court to infer that Officer Enriquez's reliance on eyewitness testimony at the scene was legitimate. Officer Enriquez's determination of probable cause is supported by the evidence in the record, and the trial court did not err in denying Appellant's motion to suppress evidence obtained through the search incident to this lawful arrest. Because the search and arrest were both legal, the evidence is not excludable under Texas Code of Criminal Procedure Article 38.23.

## THE STATE'S REPLY TO THE SECOND POINT OF ERROR

THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE JURY'S FINDING THAT THE OFFICER HAD PROBABLE CAUSE TO ARREST APPELLANT.

### Standard of Review

In a sufficiency review, the appellate court reviews all evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have reached that verdict. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.

10

Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).  The jury is the "sole judge of credibility and weight" of testimony, and the appellate court may not re-weigh the evidence presented at trial nor may it substitute its own judgment for that of the convicting jury.  *King v. State*, 29 S.W. 3d 556, 562 (Tex. Crim. App. 2000).  If there are conflicting inferences supported by evidence in the record, then the appellate court defers to the resolution of the conflict by the jury through their verdict.  *Dobbs*, 434 S.W.3d at 170.

Argument and Authorities

At trial, the jury was instructed to make a preliminary determination, beyond a reasonable doubt, as to whether probable cause existed to arrest Appellant for public intoxication, evading detention, or assault.  C.R. 68.  Because they voted in favor of conviction, the jury determined that probable cause did exist for at least one of these offenses.  Appellant challenges this determination with a claim that the evidence presented at trial was insufficient to support this finding of probable cause by the jury.  Appellant's Br. at 14.

The jury charge permitted the jury to consider the issue of guilt only if the jury first determined, "beyond a reasonable doubt, that Officer Ronald Enriquez reasonably believed, based on all reliable information within his knowledge and on the totality of the facts and circumstances within his knowledge at the time of the

11

arrest…that he had probable cause to believe that Jose Sosa had committed or was in the process of committing either of the offense(s) of: Public Intoxication; and/or Evading Detention; and/or Assault." C.R. 68–69. In returning a verdict of guilty, the jury determined that probable cause existed for at least one of these offenses.

Public Intoxication

Officer Enriquez testified at trial, as he did in the pre-trial hearing on the motion to suppress, that, based on his own observations and the firsthand accounts of other witnesses, he determined there was probable cause to arrest Appellant for public intoxication. First, Officer Enriquez observed that Appellant had impaired speech and balance, bloodshot and glassy eyes, and a "strong odor of alcoholic beverage emitting from his breath," and so determined that he was intoxicated at that time. 5 R.R. 74–75. Appellant claims that Officer Enriquez's testimony regarding his intoxication is in conflict with the testimony of the doorman at Shakespeare's Pub, an acquaintance of Appellant, who testified that he did not believe Appellant was intoxicated that night. 5 R.R. 175–76. However, in the event of a conflict in evidence, the inconsistency is resolved in favor of the verdict. *Curry v. State*, 30 S.W. 3d 394, 406 (Tex. Crim. App. 2000). Further, reconciliation of conflicts in evidence is fully "within the province of the jury." *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). A conflict in evidence does not merit reversal "if there is enough credible testimony to support

the conviction." *Id.* The jury makes decisions regarding credibility of testimony offered, and it did so in this case. The appellate court may not substitute its judgment regarding the credibility of the arresting officer over an acquaintance of the Appellant; it may only evaluate the reasonableness of the jury's determination. Given the evidence offered at trial, it was reasonable for the jury to conclude that Appellant was intoxicated.

Officer Enriquez pursued Appellant after being told by a member of the bar staff that Appellant was involved in a disturbance outside of Shakespeare's Pub. 5 R.R. 72. After detaining Appellant, John Gomez, a bouncer at a neighboring bar, came forward and told Officer Enriquez that he had observed Appellant's involvement in the disturbance in which Ms. Canard was assaulted. 7 R.R. 106. Based on his own observations, the firsthand accounts of other witnesses, and Appellant's own admission that he was involved in the altercation with Ms. Canard and her friends, Officer Enriquez determined that Appellant posed a danger to himself and others and that he had probable cause to arrest Appellant for the offense of public intoxication. 5 R.R. 75.

Evading Detention

Although Officer Enriquez did not charge Appellant with the crime of evading detention, the jury could have reasonably determined that the officer had probable cause to do so based on what he observed when he approached Appellant

13

initially. The jury was instructed that a person commits the offense of evading detention if "he intentionally flees from a person he knows is a peace officer…attempting lawfully to…detain him." TEX. PENAL CODE § 38.04; CR 68. Officer Enriquez testified that as soon as Appellant saw him heading in his direction, Appellant turned and ran into Shakespeare's Pub in an attempt to avoid him. 5 R.R. 135–36. The record supports an inference that Appellant knew that Officer Enriquez was a peace officer, as he was wearing his Austin Police Department uniform with a badge and official insignia on the sleeves. 5 R.R. 142.

Officer Enriquez was pursuing Appellant so that he could detain him. Officer Enriquez testified that, based on information he received from bar staff at Shakespeare's, he had reasonable suspicion to believe that Appellant was involved in the assault of Ms. Canard. 5 R.R. 142–43. A police officer has reasonable suspicion to lawfully detain a suspect if "he has specific, articulable facts that, combined with rational inference from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *See Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S. Ct. 1868, 1879–80 (1968); *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). A detaining officer "need not be personally aware of every fact that objectively supports a reasonable suspicion to detain" and may rely on information from a citizen-informant in forming his conclusion. *Derichsweiler*, 348 S.W.3d at 914–15. As

discussed *supra*, Officer Enriquez received specific, reliable information from witnesses at the scene that Appellant was involved in the disturbance outside the bar.

Officer Enriquez was intending to lawfully detain Appellant in order to determine whether Appellant was involved in the assault when Appellant intentionally fled from him after seeing that he was a police officer. 5 R.R. 142–43. Although Appellant was not charged with evading detention, the evidence presented to the jury could reasonably have led them to conclude that Officer Enriquez had probable cause to arrest Appellant for that offense.

Assault

Evidence presented at trial was also sufficient to support a finding that probable cause existed to arrest Appellant for assault. At trial, the jury was instructed as to the definition of assault under Sec. 22.01(a)(3) of the Texas Penal Code. C.R. 68. Sec. 22.01(a)(3) says that a person commits the offense of assault if he "intentionally or knowingly causes contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PENAL CODE § 22.01(a)(3). The bar staff identified Appellant as a person involved in the altercation outside of the bar. 5 R.R. 72. After Appellant was detained, Mr. Gomez also identified Appellant as the

15

person who was involved in the disturbance and then ran away after Ms. Canard was punched in the face.  5 R.R. 38.

Appellant contends that Officer Enriquez did not have probable cause to arrest Appellant because Mr. Gomez testified at trial that he did not actually see Appellant punch Ms. Canard in the face or directly witness anyone grabbing Ms. Canard's breasts.  Appellant's Br. 18–19.  However, probable cause is evaluated from "the standpoint of an objectively reasonable police officer" confronted with the same information at the time of the arrest.  *Pringle*, 540 U.S. at 371. Officer Enriquez testified that, even though he had concluded that Appellant did not punch Ms. Canard in the face, he thought it was "clear" at the time of the arrest that Appellant had touched Ms. Canard's breasts, assaultive conduct which was offensive, unwanted, and a Class C misdemeanor under Texas Penal Code 22.01(a)(3).  5 R.R. 18, 78.

Contrary to Appellant's suggestion, there is no conclusive statement in the record that Appellant *did not* make contact with Ms. Canard.  Appellant's Br. at 17–18.  Rather, Mr. Gomez testified that he could not remember whether Appellant or Mr. Hernandez had touched Ms. Canard's breasts, and that the period of time in which Ms. Canard was hit in the face was a "blur," but that he was "positive" that Appellant was involved in the disturbance in which Ms. Canard said her breasts had been grabbed.  5 R.R. 26–27, 38.   Further, Appellant's flight from

the scene of the assault permits an inference of guilt. *See Devoe v. State*, 354 S.W. 3d 457, 470 (Tex. Crim. App. 2011); *Foster v. State*, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989). An objectively reasonable police officer with the same information as Officer Enriquez could have reasonably believed that Appellant had assaulted Ms. Canard as part of the disturbance in which he admitted he was involved. 5 R.R. 75.

The evidence presented to the jury at trial demonstrates that Officer Enriquez had probable cause to arrest Appellant for multiple offenses. However, the jury needed only to find probable cause for one of these offenses in order to return a conviction for possession of cocaine. C.R. 68–69. In reviewing this finding by the jury and the sufficiency of the evidence precipitating it, the appellate court should not engage in a re-evaluation of the weight and credibility of the evidence; they must only ensure that the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); *Harris v. State*, 164 S.W. 3d 775, 784 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd.). The jury's decision to convict in light of the evidence presented at trial was rational and the court should defer to the jury's judgment of evidentiary sufficiency accordingly. The conviction should stand.

17

## PRAYER

WHEREFORE, the State requests that the Court overrule both of the appellant's points of error and affirm the judgment of the trial court.

Respectfully submitted,

Rosemary Lehmberg
District Attorney
Travis County, Texas


/s/ M. Scott Taliaferro

Lisa M.C. Elizondo       M. Scott Taliaferro
Law Clerk             Texas Bar No. 00785584
Assistant District Attorney
Director, Appellate Division
District Attorney's Office
P.O. Box 1748
Austin, Texas 78767
Phone: 512.854.3626 Fax: 512.854.4810
Email: scott.taliaferro@traviscountytx.gov
and AppellateTCDA@traviscountytx.gov

CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify, based on the computer program used to generate this brief, that this brief contains 3,543 words, excluding words contained in those parts of the brief that Rule 9.4(i) exempts from inclusion in the word count.  I certify, further, that this brief is printed in a conventional, 14-point typeface except for footnotes, any and all of which are printed in a conventional, 12-point typeface.

*/s/ M. Scott Taliaferro*
M. Scott Taliaferro
Assistant District Attorney


CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of January, 2015, a copy of the foregoing State's brief was sent, via U.S. mail, email, facsimile, or electronically through the electronic filing manager, to the following attorney for the appellant:

David W. Crawford, Esq.
Crawford & Cruz, PLLC
P.O. Box 686
Austin, Texas 78767

*/s/ M. Scott Taliaferro*
M. Scott Taliaferro
Assistant District Attorney